### Levi Woodbury

*vs.*

### John Dorman

Where a pre-emptor under the act of Congress of Sept. 4, 1841, agreed, before making the proofs required by that act, that after making such proofs, he would execute a mortgage upon the lands pre-empted, and after making such proofs, execute the mortgage as agreed on, the mortgage was void, and no title could be made under it, except in favor of a *bona fide* purchaser for a valuable consideration.

In such case the title of the pre-emptor is subject to forfeiture to the United States, but is good as against any person, except the United States.

A judgment was entered in this action in the district court for Scott county, in favor of the plaintiff, upon the report of a referee before whom the cause was tried. The defendant appeals from such judgment to this court. The point in the case presented for the decision of the court arises upon the application of the law, to the facts as found by the referee, and such facts are sufficiently stated in the opinion of the court.

WILDER & WILLISTON for Appellant.

BROWN & PECK for Respondent.

*By the Court*—GILFILLAN, CH. J.—This was an action of ejectment. The following facts being all that are deemed essential to the point on which the case is decided, are reported by the referee. On the 3rd August, 1857, George

Allen, claiming the land in .question, as a pre-emptor under the act of Congress of September 4th, 1841, proved up, and entered and paid for the same, as provided by said act. Just before proving up, he entered into an arrangement with Eli T. Wilder for the purchase of two land warrants, the price to be secured by his note, and a mortgage on the land. The agent of. Wilder, through whom the arrangement was made, was present at the land office when the proofs were made, and delivered the land warrants immediately after the proofs were submitted, one of them being delivered by him to the officer, or clerk at the land office, in payment for the land so pre-empted. Thereupon, Allen executed his note, and the mortgage to Wilder with the' usual power of sale, as agreed on, which mortgage was recorded on the 5th of August. On the 25th of August, 1857, Allen conveyed the land to plaintiff. Wilder afterwards proceeded to foreclose the mortgage, and became the purchaser at the sale. He afterwards conveyed to defendant, who thereupon entered, and is now in possession. The referee fails to find whether either plaintiff or defendant paid a valuable consideration for the land, or had notice of the arrangement between Wilder and Allen.

We think that in such cases, a mortgage of the land, is as clearly inhibited, as an absolute conveyance. The case comes within the decision in *McCue vs. Smith*, 9 *Minn.* 252. As to Wilder, the mortgage was void, so that he could have no title under it, which he could pass to defendant, unless defendant were a *bona fide* purchaser, for a valuable consideration. Had this fact appeared in the report, he would have come' within the exception of the act, and it would have been necessary for us to consider whether the foreclosure was valid : but as the mortgage was, so far as the facts are found, void as to him, we need not consider that point.

Woodbury v. Dorman.

The point is made, that plaintiff's title is vitiated by the same illegality which avoids defendant's title. His deed was executed after the pre-emptor's purchase, whether before or after the patent issued does not appear. After a pre-emptor's right is perfected, and before the patent issues, a transfer by him is valid. _Camp vs. Smith_, 2 _Minn._ 155. Such a transfer passes to the grantee all right which the pre-emptor has.

In this case the right was subject to forfeiture to the United States. If the government chose to waive its right of forfeiture, no one else could insist upon it. The title of Allen was good against all the world except the government, and that title passed to plaintiff.

The judgment is affirmed.

BERRY, J.—Dissenting—I think that upon the facts found by the referee and stated in the foregoing opinion the mortgage to Wilder was valid, infringing neither the letter nor the spirit of the pre-emption law. I therefore dissent from my brethren in this case.