[No. 3,298.]

## JAMES LICK v. BENITO DIAZ ET AL.

44  479
98  193

EVIDENCE OF ASSERTING TITLE TO LAND.—When an issue is raised as to whether a person, since deceased, during his lifetime asserted title to land, evidence may be introduced by those claiming under such person, that during his lifetime he performed work on the land.

LAW OF THE CASE.—When a new trial is granted by the Supreme Court, the views which the Court expresses in its opinion become the law of the case in all its stages.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This is the third appeal taken in this cause. The case will be found reported in 30 Cal. 65, and 37 Cal. 437. It was an action to quiet the title to fifty vara lot number seventeen, situate on Jackson street, between Montgomery and Kearny streets, City of San Francisco.

The facts will be found in the former reports.

On the last trial Nasario Galindo was called as a witness by the defendants, and was allowed to testify, under plaintiff's objection, that he saw Mesa, in 1844 or 1845, doing work on the premises. Lick, the plaintiff, claimed under Diaz. The heirs of Mesa were made defendants. The Court below adjudged that the plaintiff owned only an undivided one half, and was a tenant in common with the heirs of Mesa.

The plaintiff appealed.

*Haight, Temple & Sawyer*, for Appellant.

*Williams & Thornton*, for Respondents.

By the Court, WALLACE, C. J.:

1. There was no error in permitting the defendants to prove that Prado Mesa performed work upon the premises. The answer set up that the said Mesa always, during his lifetime, asserted title to an undivided moiety of the lot in ques-

tion, and the evidence, in this respect, tended in some degree to support that allegation of the defendants.

2. Nor can the order denying the plaintiff a new trial be reversed because of the admission in evidence of the declarations of Mesa made in his lifetime to the witness, Galinda.

Upon the former appeal in this cause it appeared that the counsel for the defendants offered to prove by Forbes and by Rose and another witness that the grant was made in 1844 to Mesa and Diaz, at the personal solicitation of the former; that the possession of the premises was delivered to them both; that the fact of their joint ownership of the lot was notorious in Yerba Buena; "*that said Juan Prado Mesa before he died made statements asserting title to the undivided one half thereof;*" that he assisted in building the house on the lot; that he continued to claim the lot down to the time of his death; and that Yerba Buena was then a small place, and if Mesa had renounced his interest it would for that reason have been known, etc. The exclusion by the Court of this evidence was one of the errors relied upon by the defendant on the former appeal, and in reference to which this Court, in reversing the judgment, then said: "That a portion of the testimony was competent we entertain no doubt. If it was true that the grant was made to the two jointly, at the urgent solicitation of Mesa, and that possession of the lot was delivered to the two jointly, and that Mesa assisted in building the house, and claimed, up to the time of his death, to be a joint owner with Diaz, it cannot be denied that these facts not only tended strongly to contradict Diaz, but also to show that Mesa never refused to accept the grant or agreed to renounce his claim to it," etc. Further the Court said: "We hold, therefore, that the Court erred in excluding the evidence referred to—that is to say, such portions thereof as we have indicated were admissible. But that portion of the offer which was to the effect that Yerba Buena was then a small place, and that a renuncia-

tion of the lot by Mesa could not well have transpired without the knowledge of the witnesses, was properly rejected." It is thus seen that in admitting in evidence the declarations of Mesa, the Court below but followed the views of this Court, as expressed here on the former appeal, and which had become the law of the case upon the point in question.

Order affirmed.

Mr. Justice CROCKETT did not participate in this opinion.

[The foregoing opinion was delivered at the April Term, 1872, and, a rehearing having been granted, the following judgment was rendered at the October Term, 1872.]

By the Court:

The order is affirmed, and the opinion heretofore delivered will stand as the opinion of the Court.