TAYLOR, appellant, v. HOLTER, respondent.

STATUTORY CONSTRUCTION — *new trial — statement of errors*. The amendments of the Civil Practice Act, approved February 13, 1874, require the party intending to move for a new trial to give " the points in writing, particularly specifying the grounds of such motion." *Held*, that the decisions of this court, holding that this party must specify the particulars in which the evidence is insufficient to justify the findings or judgment, and point out wherein the same are against law, have not been affected by these amendments. *Held*, also, that these amendments repealed the sections of the Civil Practice Act which required the preparation and settlement of a statement before the motion for a new trial could be heard.

FORM AND REVIEW OF EXCEPTIONS. Said amendments will not allow this court to consider exceptions which have not been reduced to form and signed during the term, or noted by the clerk, unless counsel consent, or the judge orders that they be prepared in vacation.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried by WADE, J., without a jury.

CHUMASERO & CHADWICK and TOOLE & TOOLE, for appellant.

W. F. SANDERS and SHOBER & LOWRY, for respondent.

BLAKE, J.   This is an action brought by the appellants to reform a deed made by the respondents.   The cause was tried by the court without a jury; findings of facts were filed, and a judgment was entered for the respondents.   The appellants filed a motion for a new trial " upon the following grounds, to wit: 1st. That the evidence is insufficient to justify the findings and judgment of the court.   2d. That the findings and judgment are against law.   3d. Errors in law occurring at the trial and excepted to by the plaintiffs."   The motion was refused, and this ruling is before us for review.

We have held, in the cases decided under sections 234 and 235 of the Civil Practice Act, approved January 12, 1872, that the assignment of errors in the first and second grounds of the motion is too general and indefinite.   They do not specify the particulars in which the evidence fails to support the findings and judgment,

or point out wherein the same are against law. *Mason* v. *Germaine*, 1 Mon. 263; *Pinney* v. *Hershfield*, id. 367; *Griswold* v. *Boley*, id. 545; *Thorp* v. *Freed*, id. 651.

These sections were amended by an act approved February 13, 1874, and it is necessary for us to inquire into its effect upon the principle announced in these cases. The party moving for a new trial, for certain causes, was required to prepare a statement. The statement specified the "particulars" in which the evidence was alleged to be insufficient, and the "particular errors" in law occurring at the trial. "If no such specifications be made, the statement shall be disregarded." The amended act repealed the clauses relating to the preparation of the statement, and provided that the party intending to move for a new trial "shall give, by himself or his counsel, the points in writing, particularly specifying the grounds of such motion, and shall furnish the judge with a copy of the same." Sts. 8th Sess. 52, §§ 13, 14. The grounds of this motion are stated in the words of section 233 of the Civil Practice Act, which defines the causes for which a new trial may be granted. If this practice is correct, the phrase in the amended statute, "particularly specifying the grounds of such motion," must be construed to have no meaning. This interpretation would defeat the true intent of the legislative assembly in making the amendments. We must give effect to this provision in order that the meaning of the law-makers may be fully carried out. Cod. Sts. 390, § 3. What wrong did they try to redress? Under the old statute great labor and vexatious delay were often caused, by the preparation and settlement of the statement, before the motion for a new trial could be heard. The amendments enable parties to obtain a speedy determination of this motion without the statement. The mode of proceeding in other respects is the same in substance. The doctrine of the cases decided under the original act has been recognized by the use of the foregoing clause in the amendment, and is applicable to the motion before us. The court below does not have the opportunity to correct errors, if they are not designated with certainty, and a notice of them in general terms does not inform the adverse party of the actual grounds of the motion. The first and second grounds of

the motion under consideration are not specified "particularly" and must be disregarded.

The third ground of the motion refers to errors in law. The transcript shows that no bill of exceptions was reduced to form and signed during the term in which the action was tried, or noted by the clerk of the court. There was no consent of counsel, or order of the judge, that any such bill be prepared in vacation and signed *nunc pro tunc*. The appellants have not complied with the statute, and there is no bill of exceptions for our examination. Sts. 8th Sess. 53, §§ 15, 16.

The pleadings support the judgment that has been entered, and the motion for a new trial has been properly overruled.

*Judgment affirmed.*