DANIELS, respondent, *v.* ANDES INSURANCE Co., appellant.

STATEMENT OF EVIDENCE — *exceptions.* This court will disregard a statement of the evidence on the motion for a new trial which has not been incorporated in a bill of exceptions.

REVERSAL OF JUDGMENT — *law of case.* The decision of this court in affirming the judgment of the court below on the first appeal of this action, *ante,* 78, became the law of the case in its subsequent stages.

AFFIDAVITS BY UNITED STATES COMMISSIONER. The statutes of the Territory do not authorize a commissioner of the United States to take affidavits which can be admitted as evidence by the courts upon the trial of an action.

TAKING OF EXCEPTIONS — *waiver of statute.* The appellant did not save properly any exceptions to the instructions of the court, but during the trial the attorneys stipulated that "the said exceptions may be had, used and made available on appeal as if so regularly and properly taken." *Held,* that this practice is improper, and the authority of attorneys to make this agreement is doubted.

*Appeal from Third District, Lewis and Clarke County.*

THE action was tried by WADE, J., with a jury, and a judgment for Daniels was entered on the verdict.

The respondent moved to strike from the transcript certain parts and papers.

CHUMASERO & CHADWICK, for the motion.

E. W. & J. K. TOOLE, contra.

KNOWLES, J. The respondent, by his motion, asks this court to strike from the transcript that part called a statement, and all portions thereof which do not properly constitute the judgment roll.

The part of this transcript entitled "motion and statement for a new trial," is nothing but a motion for a new trial. A statement under the statute, when applied to a motion for a new trial, refers to this evidence introduced on the trial. The evidence, which is made a part of the record, does not purport to have been used on the hearing of the motion for a new trial. By inference from the certificate of the judge attached to the motion for a new trial, it seems that this evidence was settled as a statement in the case for some purpose, which does not appear. The record does

not show that this statement of evidence was any part of a bill of exceptions in the case.

If it was used on the motion for a new trial, that would not make it a part of the bill of exceptions. Under our statutes it is contemplated that the statement of the evidence is properly a part of the bill of exceptions taken to the ruling of the court on the motion for a new trial, to be prepared and settled after the ruling upon said motion, and is not a part of the motion for a new trial. Sts. 8th Sess. 52, 53. This statute was adopted with the view of lessening the labors of attorneys in preparing motions for a new trial, and should be followed. This motion to strike from the transcript all parts of the same except the judgment roll embraces all the evidence set forth therein, and as this evidence does not purport to be any part of a bill of exceptions in the case, it must be sustained as to this. The striking out of the evidence makes other parts of the transcript, except the judgment roll, useless, and they must follow the evidence.

The motion is sustained.

The case was then heard on its merits.

E. W. & J. K. TOOLE, for appellant.

Respondent is bound by his warranties, and cannot deviate from them. The complaint does not set out the breaches on which the liability of appellant attaches, and is insufficient.

The affidavit of respondent and his clerk showed false swearing, and should have been admitted to the jury. False swearing, by the terms of the policy, avoided the policy. The affidavit showed that more gunpowder and coal oil were kept in respondent's store than the policy allowed. This evidence was material.

The court erred in modifying an instruction relating to the effect of a false description of the insured premises. Respondent cannot avoid his representations by claiming that insurer knew their falsity. *Bryce* v. *Lorillard Ins. Co.*, 55 N. Y. 240.

The record shows the loss was caused by the explosion of a coal oil lamp, used in violation of the policy.

CHUMASERO & CHADWICK, for respondent.

The instructions were not excepted to by any party, and were

according to the law, as claimed by appellant. There is nothing for this court to review. No bill of exceptions was properly saved. The testimony cannot be considered. The case of *Bryce* v. *Lorillard Ins. Co.*, *supra*, is inapplicable. The judgment should be affirmed, with damages for the delay.

BLAKE, J. This case has been before us upon another appeal, and some of the facts appear in the opinion of the court, *ante*, 78. The appellant has not performed the duty of perfecting the transcript according to the statutes and rules of this court, and we have been compelled to strike the evidence from the record.

The appellant relies upon four grounds to reverse the order of the court below in overruling the motion for a new trial. It is contended that the complaint does not set out the breaches of the policy on which the liability of the appellant attaches. This court decided on the first appeal that the complaint states facts sufficient to constitute a cause of action. That ruling became the law of the case in its subsequent stages, and will not be reviewed again. *Lick* v. *Diaz,* 44 Cal. 479 ; *Polack* v. *McGrath,* 38 id. 666 ; *Gates* v. *Salmon,* 46 id. 361; *Creighton* v. *Hershfield, ante,* 169.

The second ground is that the court refused to allow an affidavit of the respondent to be identified and offered as evidence for the purpose of contradicting the respondent. The so-called affidavit was subscribed and sworn to before " E. W. Carpenter, United States Commissioner." Under the laws of the Territory this officer had no authority to take the affidavit, and the court could not receive it as testimony. Civ. Pr. Act, § 473 ; Cod. Sts. 617, § 1. The bill of exceptions in which this affidavit is embraced is dated November 30, 1872, and the second trial of the action took place in November, 1874. The transcript does not contain any stipulation relating to this subject. The counsel for the appellant insists that the same exception was saved at both trials, and that by an agreement of the attorneys for the parties, this bill is to be used on this hearing. This statement is denied by the counsel for the respondent. We cannot be governed by the understandings of attorneys which have not been reduced to writing. *Orr* v. *Harding,* 1 Mon. 387. The transcript shows that the exception was not taken at the proper time, and we cannot consider it.

The third ground is that the court erred in modifying certain instructions, and refusing to read other instructions which the appellant requested the court to give. No exceptions to the instructions have been saved properly, but the parties entered into an agreement which forms a part of the record, and waived all the requirements of the statute regulating the taking of the same. It is stipulated that "the said exceptions may be had, used and made available on appeal as if so regularly and properly taken." This action of the attorneys must be censured as irregular, and we question their power to substitute their contract for the laws of the Territory. No agreement of parties can confer upon this court a jurisdiction which is not given by the statutes. *Wilson v. Davis*, 1 Mon. 98. Let us assume that we have the authority to examine the alleged error. The appellant calls our attention to one case only —*Bryce* v. *Lorillard Ins Co.*, 55 N. Y. 240. It appears that the party insured goods in a section of a warehouse, which was described in the application and policy as letter C, Patterson stores, etc. The property was in the section known as letter A of the building, and the court held that the error in the description was fatal to the person claiming the benefit of the policy. We have not been able to find any instruction which is in conflict with this ruling. The court complied with the numerous requests of the appellant, and gave many instructions to the jury, which are favorable to the appellant. The case was presented fairly, and the appellant has failed to point out any error in law.

The last point submitted by the appellant is, that the loss of the property by fire was caused by the act of the respondent in violating the conditions of the policy. The testimony is not before us, and cannot be examined for the purpose of determining this question of fact.

*Judgment affirmed.*