FIRST NAT. BANK OF HELENA, respondent, *v.* IRVINE, appellant.

PRACTICE — *form of exceptions* — *review of evidence.* I. made a motion for a new trial on the ground that the evidence did not justify the findings and decision of the court. The motion was overruled, and the clerk noted the exception of I. to the ruling, but no bill of exceptions was prepared "in the usual form." *Held,* that the action of the clerk did not relieve I. from the duty of preparing a bill of exceptions "in the usual form," and that the evidence cannot be reviewed on this appeal.

SAME — *time for filing statement on appeal.* The statement on this appeal was filed more than twenty days after the entry of the judgment, but within twenty days after the entry of the order overruling the motion for a new trial. I. appealed from the order and judgment. *Held,* that I. waived no rights by his failure to file the statement within twenty days after the entry of the judgment.

*Appeal from Second District, Deer Lodge County*

THE judgment and order appealed from were entered by KNOWLES, J.

CLAGETT & DIXON and JOHNSTON & TOOLE, for respondent.

SHARP & NAPTON, for appellant.

BLAKE, J.· The respondent objects to the right of the appellant to be heard on any errors which do not appear in the judgment roll. The action was tried by the court, without a jury. The appellants filed a motion for a new trial, April 26, 1876, on the ground that the evidence was insufficient to "justify the find-

ings and decision of the court." The motion was overruled and the appellant excepted. The transcript says that "no bill of exceptions was reduced to writing, or to form, and allowed or signed by the court or judge, at the time or during the term at which said case was heard and said motion for a new trial overruled, nor was there any consent of counsel or direction of the judge, by entry on the record or otherwise, that the bill of exceptions might be prepared in vacation or signed *nunc pro tunc*. Upon the argument of the motion it appears that reference was made to the pleadings, evidence, minutes of the court, and all papers that were used in the case. This proceeding was correct under the amendment to the two hundred and thirty-fifth section of the Civil Practice Act. Sts. 8th Sess. 52, § 14. The sixteenth section of this amendment provides that " when a motion for a new trial is heard and decided upon the minutes of the judge, and an appeal is taken from the decision, a bill of exceptions must be settled in the usual form, upon which the argument of the appeal must be had. Sts. 8th Sess. 53. The action of the clerk in noting the exception to the order of the court in overruling the motion for a new trial did not relieve the appellant from the duty imposed upon him by said sixteenth section. To secure a hearing upon his appeal from this order, he was required to prepare a bill of exceptions " in the usual form." The transcript shows that no such bill has been set tled. The statute has defined only one mode by which we can review the evidence to determine whether or not it supports the findings of the court, on an appeal from the order complained of, and the appellant has not complied with the law. *Allport* v. *Kelley, ante,* 343; *Harris* v. *S. F. S. M. Co.,* 41 Cal. 393.

The statement on appeal was filed May 16, 1876, within twenty days after the entry of the order overruling the motion for a new trial, which was made April 28, 1876, but it was not filed within twenty days after the entry of the judgment. The notice of appeal states that the appellant has appealed from the order made April 28, 1876, and from the judgment and decree. It is claimed by the respondent that the appellant waived his right to prepare the statement by his failure to file the same within twenty days after the entry of the judgment. If this appeal had been taken from the judgment alone the position could be maintained. Civ.

Pr. Act, § 372; *Harper* v. *Minor*, 27 Cal. 107; *Bryan* v. *Maume*, 28 id. 238; *Campbell* v. *Jones*, 41 id. 515. But the preceding section of the Civil Practice Act declares that a party who appeals and "wishes a statement of the case to be annexed to the record of the judgment or order, * * * shall, within twenty days after the entry of such judgment or order, prepare such statement." Civ. Pr. Act, § 371. The notice of appeal specifies the order, which is appealed from, and within twenty days after the entry of the same the statement on appeal was filed. The appellant has followed substantially the statute in the preparation of the statement.

On the hearing of the appeal the facts stated in the findings of the court must be regarded as true, and we can review the errors of law which appear on the face of the judgment roll. *Allport* v. *Kelley*, *supra*. The appellant cannot be heard upon any other questions than the following errors, which are embodied in the assignment; that the court erred in its conclusions of law, and in overruling the motion for a new trial. But the consideration of the last error must be limited to matters of law.