THOMAS VENARD, RESPONDENT, IMPLEADED WITH BARNEY McMANAMON, v. WILLIAM G. GREEN AND EDWARD AUSTIN, INTERVENORS AND APPELLANTS, IMPLEADED WITH OLD HICKORY MINING AND SMELTING COMPANY.

SECOND APPEAL—LAW OF THE CASE.—The decision of a case on appeal becomes the law of the case, and on a second appeal of the same case, the questions of law and fact being the same, the judgment appealed from, if in accordance with the decision on the former appeal, will not be reversed.

APPEAL from a judgment of the district court of the second district. The ninth finding of fact made by the trial court is as follows:

"(9) That on the twenty-second day of September, 1883, Barney McManamon, co-plaintiff with the plaintiff Thomas Venard, in this action, obtained and received judgment against the Old Hickory Mining & Smelting Company, for the sum of $403.09 damages, and for costs of suit; and a decree of foreclosure, and order of sale; that the Old Hickory Lode or Mining Claim, hereinbefore described, the property of the defendant the Old Hickory Mining & Smelting Company, be sold for the payment of the said judgment, debt, and costs recovered by said McManamon against said defendant company; and that said property

was sold under said judgment, order, and decree of fore-closure, and order of sale, to the plaintiff McManamon, for the sum of $441.69."

The other material facts appear in the opinion of the court and in the opinion in the case of *Venard* v. *Old Hickory M. & S. Co.*, ante p. 67.

Mr. U. J. *Wenner* and *Mr. Thos. Maloney*, for the appellants.

Cited: Jones on Mort., vol. 2, sec. 1654; *Poweshiek* v. *Dennison*, 36 Iowa, 244; *Carter* v. *Walker*, 2 Ohio St., 339; *Frische* v. *Kramer*, 16 Ohio, 125; *West B. B.* v. *Chester*, 11 Penn. St., 282.

Mr. *Presley Denny*, Mr. *John W. Christian,* and *Messrs. Sutherland & McBride*, for the respondent.

The questions of law and of fact being the same, the decision on the former hearing becomes the law of the case.

And on a second appeal the court cannot reverse its ruling on any question of law which was decided on the first appeal.   The first decision, whether right or wrong, has become the law of the case: *Pollock* v. *McGrath*, 38 Cal., 666; *Yates* v. *Smith*, 38 Cal., 60; *Page* v. *Fowler*, 37 Cal., 100; 43 Cal., 323.

And a judgment by the court, in accordance with the decision or findings, cannot be reversed on appeal from the judgment, nor the law reopened or disregarded on subsequent appeal: *Yates* v. *Smith*, 40 Cal., 662; *Pico* v. *Cuyas*, 48 Cal., 639; *Lick* v. *Diaz*, 44 Cal., 479; *Gates* v. *Salmon*, 46 Cal., 362.

POWERS, J.:

This case has already been before this court: *Venard* v. *Old Hickory Min. Co.*, ante p. 67.   At the June term, 1885, a petition for rehearing was filed and denied.   Upon the case being remanded, the court below entered up judgment, and the sole question on this hearing is whether judgment was entered in accordance with the opinion of

this court. We decline to consider the question raised by the appellant as to whether this court erred in its construction of the law. That was a proper subject upon the petition for a rehearing. The questions of law and fact being the same, the decision on the former hearing becomes the law of the case. Upon a second appeal, when the questions are the same, this court will not reverse its rulings as made on the first appeal. So far as the particular case is concerned, the first decision becomes the law (*Pollack* v. *McGrath*, 38 Cal., 666; *Yates* v. *Smith*, 38 Cal., 60; *Page* v. *Fowler*, 37 Cal., 100; *Tyler* v. *Magwire*, 17 Wall., 282, 283; *Choteau* v. *Allen*, 74 Md., 56; *Martin* v. *Heinlen*, 59 Cal., 181); and a judgment of the court below in accordance with the opinion of this court will not be reversed on appeal from the judgment (*Yates* v. *Smith*, 40 Cal., 662; *Pico* v. *Cuyas*, 48 Cal., 639; *Lick* v. *Diaz*, 44 Cal., 479; *Gates* v. *Salmon*, 46 Cal., 362).

Let us therefore determine whether the judgment of the lower court is in accordance with the decision of this court. Emerson, J., in delivering the opinion, uses this language: "The appellant was entitled to a judgment against the respondents for the amount of his wages which the court finds due and unpaid, and I can perceive no reason why he was not entitled to a decree foreclosing his lien, and for an order of sale as against the intervenors. His lien antedated that of the judgment upon which their rights were founded, and he has done nothing to forfeit it, waive or postpone it. It can make no difference with his rights, as against the respondents or intervenors, that his co-plaintiff had obtained a judgment for his claim, and a foreclosure of his lien. The record shows that the property will more than satisfy both liens, so that there will be no question about apportioning the proceeds of the sale. The purchasers at the execution sale, who are the intervenors here, must be held to have purchased the property subject to the prior lien of the appellant.

While we are not exactly satisfied with the reasoning of the learned judge, still, right or wrong, *his* conclusions are the law of this case, and as the judge of the court

below carefully and conscientiously followed the opinion, judgment must be affirmed, with costs.

ZANE, C. J., and BOREMAN, J., concurred.

Appellants filed a petition for rehearing.

This petition was denied, the decision thereon being as follows:

POWERS, J.:

This case has been before this court in various phases several times: *Venard* v. *Old Hickory Min. Co.*, ante p. 67. It is now before us upon a petition for a rehearing. The petition is a carefully prepared criticism of the previous decisions of the court. In the course of the petition counsel for the petitioners quaintly suggests that if this court "will carefully consider these two points"—referring to his petition—" and put in writing the conclusions thereon, we will cheerfully acquiesce in the result, whatever it may be; but, in view of the expression of dissatisfaction with the reasoning of Judge Emerson, contained in the last opinion, we are emboldened to say, with all due respect, that, in the pressure of business, the court has heretofore failed to give the attention to the questions involved which their importance seems to require." We cannot devote our time to answering ingenious criticisms of our opinions, merely that counsel may cheerfully acquiesce in the result, and it is sufficient for us to say that counsel has stated no ground for a rehearing. We have given this case very careful consideration, and we are satisfied with the result. We must call the attention of counsel to the previous decisions of this court with reference to rehearings. The petition is denied.

ZANE, C. J., and BOREMAN, J., concurred.