BASS ET AL., appellants, v. BUKER ET AL., respondents.

PUBLIC LANDS — *Pre-emption* — *Mortgage before "final receipt"*— *Revised Statutes United States, section 2262.*—"Mortgage" is included within the words "grant or conveyance," as used in Revised Statutes United States, section 2262, providing that any grant or conveyance made by a settler of lands pre-empted before "final receipt, shall be null and void, except in the hands of a *bona fide* purchaser for value."

MORTGAGE — *Foreclosure* — *Appurtenant water-ditch.*— The question whether a water-ditch upon certain premises is appurtenant thereto cannot be considered in an action for the foreclosure of a mortgage on the land, when the ditch is not mentioned in the mortgage, nor in any of the pleadings except the replication.

PRACTICE — *Appeal* — *Insufficient evidence* — *Want of particularity* — *Code Civil Procedure Montana, section 287, subdivision 3.*— When the ground upon which a motion for new trial in a civil action is based is the insufficiency of the evidence to justify the judgment of the trial court, and the statement does not specify the particulars in which the evidence is alleged to be insufficient, that question will not be considered on appeal.

SAME — *Exception not reserved.*—When the statement, on appeal in a civil case, contains no exceptions, and there is no bill of exceptions in the transcript, alleged errors in the admission of evidence cannot be considered.

*Appeal from Second District, Missoula County.*

PROCEEDINGS to foreclose a mortgage.

STEVENS & BICKFORD, for the appellants.

WOODY & MARSHALL, for the respondents.

BACH, J. This is an appeal from a judgment, and from an order denying a motion for a new trial. The grounds upon which the motion for a new trial was based are (1) insufficiency of the evidence to justify the decision and judgment of the court; (2) that said decision and judgment are against the law.

The statement on the motion for a new trial does not specify the particulars in which the evidence is alleged to be insufficient, therefore we cannot consider that question.

See subd. 3, § 287, Code Civil Proc.; *Taylor* v. *Holter*, 2 Mont. 477.

*Second*, that the decision and judgment are against the law. The judge presiding at the time held, as conclusion of law, that the mortgage sought to be foreclosed was void. There being no question properly before us as to the sufficiency of the evidence to sustain the rulings of the court upon the facts at issue, we must presume, not only that the evidence justified all the findings of fact, but also that all the facts at issue and necessary to sustain the decision were found by the court below. See *Beck* v. *Beck*, 6 Mont. 318. Those facts are as follows: That the defendant Anderson Buker, on the 10th day of January, 1872, did settle upon and improve the premises described in the complaint and mortgage; that those premises were part of the surveyed lands of the United States, subject to entry under the pre-emption laws; that said Buker filed his pre-emption claim for said premises in the proper office, on the 5th day of March, 1874; that on the 16th day of September, 1881, the said Buker had not completed his title to said lands as by law required; that the mortgage sought to be foreclosed was executed upon the 16th day of September, 1881; that the defendant and respondent Warner, by mesne conveyances, made subsequent to said mortgage, became seized and possessed of all the right and title of said Buker in and to said premises; that the plaintiff was not a *bona fide* purchaser for a valuable consideration; and omitting the intermediate steps, that said Warner, after complying with the requirements of law, has received from the proper office the " final receipt " for said premises as a pre-emption claim.

The issue raised by the pleadings is that the mortgage referred to was void under section 2262 of the United States statutes, and that was the decision of the court below.

Section 2262 of the Revised Statutes of the United States provides that, before a pre-emption entry shall be allowed,

the claimant shall make oath that "he has not, directly or indirectly, made any agreement or contract, in any manner, with any person or persons whatsoever, by which the title which he might acquire from the government of the United States should inure, in whole or in part, to the benefit of any person except himself;" and the same section further provides that "any grant or conveyance which he may have made, except in the hands of a *bona fide* purchaser for valuable consideration, shall be null and void."

It is claimed by the appellants that the words "grant or conveyance" do not include a mortgage; that a mortgage, by our laws, does not pass the title to the land, but is a mere security or lien for the note. The authorities are at variance upon this question.

The supreme court of California has held that such a mortgage was absolutely void, as against the mortgagor and his assigns, excepting a *bona fide* purchaser. See *Bull* v. *Shaw*, 48 Cal. 455.

The supreme court of Minnesota held mortgages to be within the terms "grant and conveyance," and that they were therefore void, except as provided in the statute, in several cases, among others in *McCue* v. *Smith*, 9 Minn. 259 (Gil. 237); *Woodbury* v. *Dorman*, 15 Minn. 338 (Gil. 272). But the same court, in a later case, reversed that doctrine, and held that a mortgage was not included within the terms of the statute; and the court bases its decision upon the ground that a mortgage is a mere security and does not act as a conveyance. See *Jones* v. *Tainter*, 15 Minn. 512 (Gil. 423).

The supreme court of Kansas holds, with the California supreme court, that a mortgage does not come within the terms of the statute. *Brewster* v. *Madden*, 15 Kan. 249.

In the case of *Owings* v. *Lichtenberger*, 9 Copp, Land-owner, 197, in a letter dated November 17, 1882, the Hon. Henry M. Teller, then secretary of the interior, writes upon this question as follows: ".It is claimed by plaintiff's counsel that the mortgage given by plaintiff before his removal

was a disposition of his homestead. . . . I do not think this view of the case can be maintained. At common law the title passed to the mortgagee, but the rule of the common law has been changed by statute in most of the states, and in such states the legal title remains in the mortgagor. In Nebraska a mortgage of real estate is a mere pledge or collateral security."

We think the honorable secretary of the interior and the supreme court of Minnesota apply the wrong rule of interpretation to the section 2262, by first ascertaining what the nature of a mortgage is in Nebraska and Minnesota. They, in effect, declare that a United States statute is to be interpreted through the medium of a statute of a state. Whatever may be the meaning of the words "grant or conveyance" in section 2262, it is certain that there cannot be two proper interpretations of the same statute. It is equally certain that the section contains one rule of law, and no more, on this subject, and that such rule applies to mortgages upon pre-emption lands, wherever situated, with the same force and effect. If the true interpretation of that section is to be governed by the character of a mortgage in the different states and territories, there would be at least two distinct and contrary rules applying to mortgages on pre-emption claims; for some of the states hold that a mortgage passes the title, while others — by force of some statute, in most cases — hold that a mortgage is a mere security. We would, then, reach the conclusion that the validity of such a mortgage would depend upon the situation of the land. That, certainly, cannot be the law. A mortgage upon pre-emption lands, made before final entry, is either valid or void under that section. If valid in one state, it is valid everywhere; if void in one state, it is void in all states.

The true rule of interpretation is, "what did congress mean?" The purpose of congress undoubtedly was to furnish all and every encouragement to settlers upon the public lands, and to legislate so that, neither directly

nor indirectly, by virtue of the law, should those lands be-come the property of a few. And this section provides every possible safeguard against any alienation by the set-tler, up to the time of the final conveyance by the govern-ment. One portion of the section provides that the claim-ant shall make oath that " he has not, directly or indirectly, made any agreement or contract, in any manner, with any person or persons whatsoever, by which the title which he might acquire from the government of the United States should inure, in whole or in part, to the benefit of any per-son except himself." Those words show the evident pur-pose of the government, and, in the light of those words, the expression "grant or conveyance" is clearly meant to include a mortgage.

But there is still a further reason for such an interpreta-tion. Section 2262 became a law in the year 1841. At that time the courts of the state of New York were the only courts that held that a mortgage was a security only. Even at this late date the following states: Alabama, Ar-kansas, Connecticut, Illinois, Kentucky, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, North Caro-lina, Ohio, Pennsylvania, Rhode Island, Tennessee, Vir-ginia and West Virginia, hold the old common law doctrine that the mortgagee has the legal title. In New York alone the courts, without the aid of a statute, hold a contrary doctrine. In the other states which hold a mortgage not to be a conveyance, the rule depends upon express statutes, passed long after 1841, when section 2262 was made law by act of congress. Then we must consider what a mortgage was considered to be in the year 1841. And, so consider-ing, we are forced to the conclusion that a mortgage is in-cluded within the words " grant and conveyance " in section 2262, and that the mortgage sought to be foreclosed in this action was absolutely void.

The supreme court of the United States, as far as we can ascertain, has never ruled upon this question; but in the case of *Warren* v. *Van Brunt*, 19 Wall. 646, that court,

speaking of the Minnesota cases which held such mortgages void, said (page 655): "All contracts in violation of this important provision of the act are void, and are never enforced. It has been so decided many times by the supreme court of Minnesota. We are satisfied with these decisions." 19 Wall. 646.

The appeal from the judgment also brings up the question, does the answer state facts sufficient to constitute a defense? There is no question raised except as to whether or not the facts were sufficiently and properly alleged. The complaint itself shows the interest of the defendant Warner; so it is not necessary for us to consider whether or not the answer fully stated the facts that constitute the right of ownership in Warner. The answer fully sets forth all the facts necessary to show the invalidity of the mortgage. The statement contains no exception. There is no bill of exceptions in the transcript. We cannot consider in this court any alleged error in the admission of testimony, which error, as far as the transcript shows, is complained of for the first time in this court.

During the argument of this cause there was considerable time devoted to the question whether or not a certain water-ditch was appurtenant to the pre-emption lands included in the mortgage. The mortgage is referred to in and made a part of the complaint to which it is annexed. There is no mention in the complaint or mortgage as to any water-ditch, which is only referred to in the replication. Certainly no issue was raised in this action upon that point by an allegation in the replication. Supposing there had been a decree in favor of the plaintiff, such decree could only provide for a sale of the premises as described in the mortgage. The purchaser at the sale would have bought whatever was included within that mortgage. The decree would not have determined that the ditch was or was not appurtenant. That question could only be decided in an action at law. It cannot arise in this controversy, and we are not called upon to consider it.

The judgment of the court below and the order denying the motion for a new trial are affirmed, with costs.

*Judgment affirmed.*

WADE, C. J., and McLEARY, J., concur.