## MONTANA LUMBER AND PRODUCE COMPANY, APPELLANT, *v.* HOWARD ET AL., RESPONDENTS.

PRACTICE—*Appeals—Bill of exceptions—Settlement.*—A bill of exceptions, on appeal from an order overruling a motion for a new trial, made upon the minutes of the court, which contains a statement, "that all of the foregoing papers and evidence were of the files of said cause at the hearing of said motion for a new trial," and which concludes with the words "done and dated in court," giving the date and followed by the signature of the judge, is not settled as provided by sections 294 and 301 of the Code of Civil Procedure, and will be stricken from the transcript on motion. (*King* v. *Sullivan,* 1 Mont. 282; *Taylor* v. *Holter,* 2 Mont. 476; *Daniels* v. *Andes Ins. Co.* 2 Mont. 500; *First Nat. Bank* v. *Irvine,* 2 Mont. 554; *Raymond* v. *Thexton,* 7 Mont. 299; *Sherman* v. *Higgins,* 7 Mont. 479; *Barber* v. *Briscoe,* 8 Mont. 214, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

The cause was tried before DURFEE, J., without a jury.

On motion to strike the bill of exceptions from the transcript on appeal.

*Robinson & Stapleton,* and *G. B. Winston,* for Appellant.

*Cole & Whitehill,* for Respondents.

BLAKE, C. J.—The respondents move to strike from the transcript on appeal the paper designated as "Bill of Exceptions on Appeal," on the ground "that the same was not settled and allowed by the judge of the court below, as provided by statute." The action was tried by a jury, and the appellant made a motion for a new trial "on the minutes of the court." This bill of exceptions purports to contain the notice of intention to move for a new trial, pleadings, testimony, instructions, verdict, and judgment. The motion for a new trial appears to have been overruled, July 24, 1890. The fol-

lowing statement is incorporated in the record: "That all of the foregoing papers and evidence were of the files of said cause at the hearing of said motion for a new trial."

The bill of exceptions concludes as follows:—

"Done and dated in court, this twenty-seventh day of September, 1890.                    D. M. DURFEE, Judge."

The Code of Civil Procedure provides that "when a motion for a new trial is heard and decided upon the minutes of the judge, and an appeal is taken from the decision, a bill of exceptions must be settled in the usual form, upon which the argument of appeal must be had." (§ 301.)  "All bills of exceptions shall be reduced to form, unless noted by the clerk, and signed during the term in which the same is tried, . . . . The bill of exceptions must be signed by the judge who tried the cause." (§ 294.)  Questions of practice under similar statutes have been considered in many cases with the same result concerning the principle involved.  In the case at bar, it is necessary that the papers which are enumerated in the bill of exceptions should be authenticated by the judge to determine what constitutes the minutes of the court.  They are to be brought before us for argument and decision.  The certificate of the judge has been carefully considered and adjudged valueless, if defective or uncertain when tested by the provisions of the Code of Civil Procedure.  What, then, was "done" September 27, 1890, by the judge in court?  What definite idea relating to the bill of exceptions is expressed by the use of this term?  No one can contend seriously that this is a settlement of this important record "in the usual form."  As already intimated, the law does not tolerate any ambiguity of language in this matter.  The authority conferred upon the judge to "settle" a bill of exceptions "in the usual form," carries with it the power to decide what shall be embraced therein.  The bare signature of this officer upon a certain date does not prove that he has exercised judicial discretion.

In *Sansome* v. *Myers*, 80 Cal. 483, the court held that mandamus will lie to compel a judge of the Superior Court to settle a bill of exceptions, and said: "If the petitioner had refused or neglected to so correct the proposed statement as

directed, the judge would no doubt have been justified in refusing to settle the same; but not otherwise. This the findings show was not done. The respondent refused in the first instance *to settle* the statement, not to sign it."

In *January* v. *Superior Court,* 73 Cal. 537, the court said: "The bill (of exceptions) as originally presented was a transcript of the reporter's notes of the evidence and proceedings, and the court was justified in refusing to settle it." In *People* v. *Getty,* 49 Cal. 581, the court said: "The practice of making up bills of exceptions in the reprehensible form adopted in this case has become so prevalent that some measures must be taken for its correction. The judge of the court below would be justified in refusing to settle a proposed bill of exceptions when it is presented in that form, and we are of the opinion that it is his duty to strike it from the files." This legal distinction between the meaning and effect of the words "settle" and "sign" has been enforced in this court, and the bill of exceptions under consideration has not been settled according to law. (*King* v. *Sullivan,* 1 Mont. 282; *Taylor* v. *Holter,* 2 Mont. 476; *Daniels* v. *Andes Ins. Co.* 2 Mont. 500; *First Nat. Bank of Helena* v. *Irvine,* 2 Mont. 554; *Raymond* v. *Thexton,* 7 Mont. 299; *Sherman* v. *Higgins,* 7 Mont. 479; *Barber* v. *Briscoe,* 8 Mont. 214.)

It is therefore ordered that the motion be sustained.

HARWOOD, J., and DE WITT, J., concur.