MARTÍNEZ, PETICIONARIO, v. SOTO NUSSA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *mandamus* al Hon. Isidoro Soto Nussa, Juez de la Corte de Distrito de Aguadilla, para que apruebe una exposición del caso.

No. 148.—Resuelto en junio 22, 1915.

MANDAMUS—EXPOSICIÓN DEL CASO—APROBACIÓN Y FIRMA DE UN PLIEGO DE EXPOSICIÓN DEL CASO.—Carece este tribunal de facultades para ordenar por medio de un auto de *mandamus* a un juez de distrito que apruebe y firme un pliego de exposición del caso en determinada forma. *El Pueblo* v. *Hernández*, 13 D. P. R., 145, pues es el juez de la corte inferior quien debe ultimar el caso (*settle the case*). La corte puede, sin embargo, ordenar a un juez que ultime (*settle*) una exposición del caso.

EXPOSICIÓN DEL CASO—NOTAS DEL TAQUÍGRAFO—ENMIENDAS O CORRECCIONES A UN PLIEGO DE EXPOSICIÓN DEL CASO.—La corte sentenciadora tiene derecho a utilizar las notas del taquígrafo para refrescar su memoria respecto a los hechos ocurridos durante el juicio, a los efectos de ultimar una exposición del caso, pero no está facultada sin especificación para ordenar a una parte que haga correcciones o enmiendas, usando para ello las referidas notas.

NOTAS DEL TAQUÍGRAFO—DEBER DEL TAQUÍGRAFO—COMPRA DE LAS NOTAS DEL TAQUÍGRAFO.—De acuerdo con el artículo 5 de la Ley de marzo 10, 1904, el taquígrafo tiene el deber de proporcionar a cualquiera de las partes en un pleito copia de sus notas al ser requerido para ello mediante el pago de los derechos correspondientes, pero dicho artículo no impone a ninguna de las partes la obligación de comprarlas.

EXPOSICIÓN DEL CASO—NOTAS DEL TAQUÍGRAFO—USO DE LAS NOTAS DEL TAQUÍGRAFO POR EL ABOGADO.—Si bien en el caso de *López* v. *American Railroad Company*, 11 D. P. R., 154, se expresa que las notas del taquígrafo deben usarse por el abogado al preparar el pliego de excepciones o exposición del caso por ser ese quizás el medio más fácil de conocer la verdad, ello no quiere decir que exista algún deber legal por parte del apelante de usar tales notas. El abogado puede probar la verdad de sus manifestaciones de igual modo que se prueba que son verdaderas otras narraciones, por medio de su *affidavit*, por el *affidavit* de otros taquígrafos, y a veces por el *affidavit* de los circunstantes.

NOTAS DEL TAQUÍGRAFO—MINUTAS DE LA CORTE—INTERPRETACIÓN DE LEY.—Las minutas de la corte nunca han comprendido en su significado las declaraciones de los testigos sino las órdenes o medidas adoptadas por la corte al resolver las mociones o indicaciones de los abogados de las partes durante el curso de un juicio, y al expresar la Ley de 10 de marzo de 1904, que las notas del taquígrafo constituirán las minutas de la corte, sólo debe entenderse que las constituyen cuando dichas notas fueren reproducidas en las minutas.

MINUTAS DE LA CORTE—EXAMEN DE LAS MISMAS.—La corte, los abogados y el público en general tienen derecho a examinar las minutas de la corte.

Exposición del Caso—Pliego de Excepciones—Representación Bona Fide de los Hechos del Juicio—Deber de la Corte.—Cuando la exposición del caso o pliego de excepciones presentada es una representación *bona fide* de los hechos del juicio que el apelante considera necesarios, aun cuando sea incompleta o esté equivocada en algunos de sus particulares, la corte debe proceder a ultimar (*settle*) el caso. Si, por el contrario, dicha representación no es *bona fide*, esto es, si es una en que solamente se ha escogido lo que pueda ser favorable y no constituye una expresión fiel de los hechos, entonces la corte está justificada en negarse a aprobar la exposición.

Id.—Enmienda o Eliminación—Ultimar (Settle) una Exposición del Caso.— Ultimar (*settle*) una exposición del caso no quiere decir que la corte deba hacerla por sí sino que deberá indicar al apelante con claridad razonable cuáles son las enmiendas o eliminaciones que ha de hacer para ajustarse a la verdad de los hechos. Es buena práctica indicar los defectos que hay en la exposición y las enmiendas específicas que deban hacerse.

Los hechos están expresados en la opinión.

El peticionario Sr. Víctor P. Martínez compareció en nombre propio.

El Juez demandado Sr. Isidoro Soto Nussa compareció también en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La cuestión envuelta en este caso es la aprobación de una exposición del caso en el pleito seguido por Cecilia Méndez en representación de dos de sus hijos contra Víctor P. Martínez. Esta es la segunda vez que la cuestión relativa a la aprobación de esta exposición del caso ha sido sometida a nuestra consideración; la primer vez con motivo de una solicitud que fué presentada interesando la expedición de un mandamiento de *certiorari*. Al considerar ese auto anulamos el procedimiento de la Corte de Distrito de Aguadilla en el cual se había declarado que la exposición del caso presentada por el peticionario en dicho caso de *certiorari* era nula, siendo uno de los conceptos erróneos del juez de la corte inferior, que el apelante al preparar una exposición del caso o pliego de excepciones tiene que valerse de las notas taquigráficas.

Al ser devuelto el caso a la Corte de Distrito de Aguadilla el juez de dicha corte oyó a las partes y ordenó al ape-

lante que enmendara su exposición del caso en varios particulares, e insistió entre otras cosas en el hecho de que este tribunal no quiso expresar en su resolución del caso de *certiorari* que la corte no podría usar las notas del taquígrafo para llegar a conocer el verdadero estado de los hechos; y por tanto la Corte de Distrito de Aguadilla ordenó al apelante que enmendara su exposición en cuanto a las declaraciones de ciertos testigos para ajustarlas a las notas del taquígrafo que habían sido examinadas por la corte y que ésta manifestó estaban conformes con la verdad de los hechos del juicio. En vista de esto el peticionario estableció estos procedimientos de *mandamus* en los que interesa de este tribunal que ordene al juez de la corte de distrito que apruebe y firme la exposición del caso que le fué sometida por el referido peticionario. Aparece también de la petición que la corte dispuso que se hicieran otras enmiendas que luego discutiremos; pero la cuestión principal de este caso se refiere al uso de las notas taquigráficas. De la contestación que ha sido formulada por la corte inferior y de los *affidavits* del demandado aparece que al ir a buscar éste las notas taquigráficas no se había radicado ninguna copia de éstas, teniendo al parecer el juez de la corte inferior la idea de que el peticionario estaba en la obligación de comprar dichas notas.

El peticionario solicita de este tribunal que ordene a la corte inferior que apruebe y firme la exposición del caso como fué presentada por el peticionario, pero no tenemos facultades para hacer esto por medio de un auto de *mandamus,* aun cuando estuviésemos convencidos de que la exposición del caso era una expresión verdadera de los hechos del juicio. Es el juez de la corte inferior quien debe ultimar el caso (*settle the case*) y este tribunal carece de autoridad para ordenarle que lo ultime (*settle*) en forma determinada, por medio de un auto de *mandamus*. Podemos, sin embargo, ordenar a un juez que "ultime" (*settle*) una exposición.

Convenimos con la corte inferior en que ella tiene derecho a valerse de las notas taquigráficas para refrescar su me-

moria respecto a los hechos ocurridos durante el juicio, pero
también estamos convencidos de que la corte no tiene dere-
cho para ordenar que se hagan correcciones y enmiendas,
a menos que la corte ponga al apelante en condiciones de
hacer tales correcciones; y para que el apelante haga dichas
correcciones la corte no tiene derecho a insistir en que éste
use las notas taquigráficas. No hay precepto alguno en la
ley por el cual esté obligado el apelante a comprar o usar
la copia de las notas taquigráficas. Una gran parte de la
dificultad que presenta este caso. proviene de los conceptos
erróneos de la corte con respecto a qué es lo que constituye
las minutas de la .corte y cuál es el papel que desempeña el
taquígrafo y sus notas.

El artículo 5 de la Ley de marzo 10 de 1904, prescribe
lo siguiente:

"Será deber del taquígrafo, al ser requerido por el Attorney
General, el Fiscal de distrito, o por cualquier persona parte en un
pleito en que se hayan tomado notas taquigráficas, proporcionar copia
escrita en máquina de los autos (*records*), o de cualquier parte de
los mismos, por la cual tendrá derecho a recibir, además de su sueldo,
diez centavos como honorario por cada cien palabras, que habrá de
satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse
como costas de la causa a la parte vencida en juicio; *Disponiéndose,*
que cuando la referida copia sea requerida a nombre del Pueblo
de Puerto Rico o por un acusado en una causa criminal, o su abo-
gado, en los casos en que después de una convicción el acusado en
una causa criminal pruebe al tribunal por medio de una declara-
ción jurada o por otro medio, que él no está en condiciones por razón
de su pobreza de pagar por la referida copia, requerida como queda
dicho, por él o por su abogado, el taquígrafo expedirá gratis tales
copias. Y en todos los casos civiles en que una persona parte en
la acción, presente una declaración jurada donde conste estar impo-
sibilitado para satisfacer las costas requeridas por la ley, dicha per-
sona tendrá. derecho a los servicios gratuitos del taquígrafo del tri-
bunal, en los mismos términos en que éste presta sus servicios a los
pobre indigentes en las causas criminales y los derechos del taquí-
grafo se incluirán en las costas cuando fueren impuestas a la parte
que pudiese pagarlas. Dicha copia del récord constituirá *prima
facie* la del acta del juicio y podrá usarse al hacerse cualquier moción

para la celebración de un nuevo juicio, revisión o apelación del mismo, en los casos en que el acta del tribunal sea necesaria.''

De acuerdo con este artículo el taquígrafo tiene el deber de proporcionar a cualquiera de las partes copia de las notas taquigráficas al ser requerido para ello y en ella se fijan los derechos que han de cobrarse por las referidas notas; pero dicho artículo no pone a ninguna de las partes en la obligación de tener que comprar las indicadas notas. Es verdad que en el caso de *López* v. *American Railroad Company*, 11 D. P. R., 154, este tribunal se expresó en los términos siguientes:

''Por supuesto, las notas taquígraficas deben usarse por el abogado al preparar el pliego de excepciones; ese es el fin para el cual se hicieron. Ni tales notas ni las copias de ellas deben enviarse a esta corte. Si durante el juicio han surgido algunas cuestiones de derecho pueden expresarse como aparezcan en el pliego de excepciones, junto con la resolución tomada por la corte con respecto a las mismas, y deben también expresarse las objeciones presentadas por la parte que prepara el pliego de excepciones, así como la resolución de la corte con respecto a las mismas.''

Pero precisamente la corte acababa de expresar que las notas taquigráficas que no hayan sido extractadas no deberán ser remitidas a esta corte, sino solamente la prueba en forma narrativa. Lo que la corte quiso expresar fué que el abogado debía o podría, o debió quizás haber hecho uso de las notas del taquígrafo por ser el medio más fácil de conocer la verdad, pero este tribunal no quiso decir y no dijo que existía algún deber legal por parte del apelante para usar tales notas. Si de acuerdo con sus notas o hasta de memoria un abogado puede presentar una relación corriente de los hechos del juicio o de las declaraciones de los testigos que sea sustancialmente correcta, la corte inferior deberá aprobarla y firmarla; y un abogado puede probar la verdad de sus manifestaciones de igual modo que se prueba que son verdaderas otras narraciones por medio de su *affidavit,* por el *affidavit* de otros taquígrafos, o a veces por el *affidavit*

de los circunstantes. 3 Cyc., 34–35–36. La exposición del caso y el pliego de excepciones existían con anterioridad al taquígrafo de la corte.

La corte incurre en error al expresar o indicar que las declaraciones de los testigos y las notas taquigráficas forman las minutas del juicio. En el caso de *El Pueblo* v. *Eligier et al.,* 9 D. P. R., 396, se explica con claridad lo que constituyen las minutas de la corte y el objeto de las mismas, caso que ha sido citado por el apelado con otro fin. Las minutas de la corte nunca se componen de las declaraciones de los testigos, sino que son las órdenes o medidas adoptadas por la corte al resolver las mociones o indicaciones del abogado durante el curso de un juicio. Las minutas de la corte podrían ser cualquier otra cosa menos la prueba, objeciones y razonamientos del abogado. Al expresar la ley que las notas taquigráficas constituirán las minutas de la corte, quiere dar a entender que tales notas deben constituir las minutas en tanto en cuanto éstas fueran reproducidas en ellas. Dichas notas anteriormente las preparaba el secretario, o la corte misma. La ley de 1904 no tuvo la intención de dar un significando más lato a la palabra "minutas," aunque fácilmente puede verse por la forma en que está redactada la ley cómo fué que la Corte de Distrito de Aguadilla cometió el error en que incurrió. La corte, sin embargo, a juzgar por sus actos más bien que por sus razonamientos, no tomó en consideración las notas taquigráficas como las minutas de la corte para todos los fines, pues de lo contrario seguramente que hubiera hecho que las mismas fueran incluídas en los autos de la corte inferior. La corte, los abogados y el público generalmente tienen el derecho de examinar las minutas de la corte.

Sentado este precedente discutiremos la cuestión relativa a cuándo es que se expide ordinariamente el *mandamus* para obligar a la corte a que ultime (*settle*) la exposición del caso o pliego de excepciones. La regla es que si la exposición o pliego es una representación *bona fide* de los hechos del

juicio que el apelante considera necesaria para la presenta-
ción de su exposición del caso o pliego de excepciones aun
cuando sea incompleta o esté equivocada en algunos de sus
particulares, la corte debe proceder a ultimar (*settle*) el
·caso. *Sansome* v. *Myers,* 77 Cal., 353; *Sansome* v. *Myers,*
80 Cal., 483; *Cohen* v. *Wallace,* 107 Cal., 133–37–40; *Wal-
kerley* v. *Green,* 104 Cal., 208–212; *Winters* v. *Buck,* 121
Cal., 281; *City of Santa Ana* v. *Ballard,* 126 Cal., 677; *Mon-
tana Lumber and Produce Co.* v. *Howard,* 10 Mont., 297;
*Pacific Land Ass'n. et al.* v. *Hunt,* 38 Pac., 235. Las mismas
autoridades sostienen la proposición de que si dicha presen-
tación no es *bona fide,* en otras palabras, si es una en que
solamente se ha escogido lo que puede ser favorable y no
constituye una exposición fiel de los hechos, la corte está jus-
tificada en negarse a aprobar dicha exposición. Ultimar (*set-
tle*) una·exposición del caso no quiere decir que la corte deba
hacerla sino que deberá indicar al apelante con claridad razo-
nable cuáles son las enmiendas o eliminaciones que ha de
hacer para ajustarse a la verdad de los hechos. No estamos
en condiciones de expresar en este caso si la exposición que
presentó el apelante en realidad fué o nó una representación
*bona fide,* pero sí sabemos que la corte ordenó o indicó que
el apelante podría hacer ciertas enmiendas para ajustarse a
las notas taquigráficas. Existen bastantes constancias en
los autos que han sido sometidos a nuestra consideración
que demuestran que dichas notas no fueron radicadas con
los expedientes o documentos de la corte inferior o que no
hubieran podido ser obtenidas por el apelante en alguna
otra forma que no fuera mediante compra de las mismas
al taquígrafo.

Jamás insistiremos en el hecho de que la corte práctica-
mente debe preparar la exposición al apelante y en este caso
si la corte después de considerar la cuestión se hubiera limi·
tado a negarse a aprobar el pliego por haberse suprimido
gran parte de la prueba que era esencial especificando la

misma, no hubiéramos expedido el auto de *mandamus* para obligar a la corte inferior a "ultimar" (*settle*) dicha exposición sin alguna prueba más adecuada por parte del peticionario que demostrara que su "pliego o exposición" fué presentado *bona fide*. Los *affidavits* y prueba del peticionario son meramente al efecto de demostrar que la exposición del caso había sido preparada con las notas tomadas por su taquígrafo y por él mismo. El se basaba en parte en el hecho de que la contraria no había presentado enmiendas. No existía verdadera constancia de que el "pliego o exposición" se ajustara en realidad a los hechos del juicio. Pero la corte inferior de acuerdo con su criterio y procediendo con liberalidad, como debe hacerlo dicha corte cuando se trata de un pliego de excepciones o exposición del caso, ordenó al peticionario que radicara un nuevo pliego de acuerdo con las notas taquigráficas que la corte había examinado y admitido como comprensivos de toda la verdad. Si la corte hubiera entregado al peticionario al propio tiempo la copia de las notas taquigráficas la que parece que estaba en poder de la corte, indicando la prueba que había sido omitida, quizás no habría objeción contra la acción de la corte. Es mejor práctica indicar los defectos que hay en la exposición y las enmiendas específicas que han de hacerse.

No hay peligro alguno de que en un caso corriente las partes dejen de solicitar la copia de las notas taquigráficas. Generalmente las partes tienen gran interés en obtener las notas para hacer más fácil la presentación de sus argumentos ante la corte, sus mociones de nuevo juicio, y la preparación de sus apelaciones.

. Durante la celebración del juicio del caso principal fueron presentadas como prueba ciertas cartas de las cuáles el apelante hizo extractos para la supuesta exposición del caso. La corte inferior entiende por varias razones que estas cartas debieron ser remitidas como comprobantes a este tribunal, pues existe cierta discusión relativa al cotejo de firmas y hay

además alguna duda respecto a si no debió haber sido trans-
crito todo su contenido.  Creemos que la corte y las partes
contrarias tenían el derecho de alegar que las cartas marcadas
A. B. C. etc., debieron haber sido remitidas a este tribunal
como tales comprobantes.

En todos los demás particulares creemos que en este caso
el peticionario debió ajustarse a las enmiendas e indicaciones
de la corte.

No es sino con bastante desagrado que este tribunal or-
dena a la corte inferior que ultime (*settle*) la exposición del
caso.  El peticionario con un gasto relativamente pequeño
pudo haber ahorrado a la corte inferior y a este tribunal
la pérdida de un tiempo muy grande y un trabajo innece-
sario.  Además, algunas de nuestras decisiones menos satis-
factorias y más dificultosas tienen lugar en los casos en que
las partes insisten en asumir su representación sin la ayuda
de abogado.  La situación raramente se presenta mejor por
el hecho de ser abogado el apelante.  Sus intereses privados
casi siempre sirven de obstáculo al conocimiento y compren-
sión del caso.  Una parte puede comparecer por sí pero rara-
mente es el procedimiento que debe adoptarse.  Sin embargo,
estas consideraciones no pueden afectar al hecho de haber
ordenado la corte al peticionario que hiciera las enmiendas
teniendo en cuenta las notas taquigráficas sin más aclara-
ción, actitud que era errónea para ser asumida por la corte.

Debe expedirse el auto perentorio de *mandamus* orde-
nando a la corte que proceda a ultimar (*settle*) la exposi-
ción del caso, de acuerdo con los principios enumerados en
esta opinión.

> *Concedida la solicitud y ordenada la expedi-*
> *ción de un auto perentorio de mandamus*
> *contra el demandado para que ultime la ex-*
> *posición del caso.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.