JUAN MASINI, demandante y apelante, *v.* JOSÉ MARÍA ROSADO, demandado y apelado.

Núm. 7433.—*Sometido:* Noviembre 9, 1936. *Resuelto:* Noviembre 20, 1936.

*Rafael Soltero Peralta,* abogado del apelante; *V. Polanco de Jesús,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante en este caso, de conformidad con la regla 64 de este tribunal, ha radicado una moción encaminada a obtener nuestra aprobación de una exposición del caso que ha sido rechazada por la corte inferior.

 No creemos que el peticionario ha hecho lo suficiente ante la corte sentenciadora para permitirle ampararse en las disposiciones de la regla 64, supra. Las razones expuestas en su moción pueden ser resumidas así: (*a*) que el apelante considera que su exposición del caso revela con fidelidad y exactitud la evidencia presentada en la corte inferior; (*b*) que la corte sentenciadora no hizo objeciones específicas a la exposición del caso presentada por el apelante; (*c*) que la corte inferior opina que es incorrecto preparar una exposición del caso sin obtener una transcripción de la evidencia y que dicha corte no puede propiamente considerar tal exposición si no tiene ante sí la ameritada transcripción.

Hemos leído la orden de la corte inferior y encontramos que en su tercer párrafo dijo:

"En primer lugar, notamos que se ha dejado de incluir en la exposición del caso el documento principal en que se basó la corte para dictar sentencia, o sea un recibo otorgado por el demandante a favor del demandado después de radicada su demanda de la cual

resulta que se seguía entendiendo con el demandado por el contrato que tenían de aparcería, acerca de la finca objeto del desahucio.''

Esta objeción específica no ha sido salvada y no se ha hecho ningún esfuerzo para presentar una relación más completa de las declaraciones de los testigos.

La corte, admitiendo primeramente el derecho del apelante a no descansar necesariamente en las notas taquigráficas, no resolvió que la única forma correcta de preparar una exposición del caso era transcribiéndose las notas taquigráficas, aunque sí indicó que ésa era la mejor práctica a seguir para evitar lo sucedido en este caso. Hemos discutido la ausencia de tal deber legal de parte del apelante en el caso de *Martínez* v. *Soto Nussa,* 22 D.P.R. 599. El apelante puede redactar una exposición del caso basándose en sus propias notas, en su memoria o en la memoria de la corte y del apelado. La corte sentenciadora es la que en el análisis final actúa de árbitro sobre la cuestión de si una exposición está completa.

Hemos citado un caso específico en que el apelante ha dejado de cumplir con la objeción de la corte inferior y otros menos específicos, han sido indicados. Creemos que él debe hacer otro y mejor esfuerzo para cumplir con las indicaciones de dicha corte y entonces posiblemente acudir a este tribunal. Esto no debe hacerse hasta que las partes hayan agotado todo esfuerzo para convenir en una exposición del caso.

*Se declaran sin lugar las varias mociones del apelante.*

El Juez Presidente Señor del Toro no intervino.