LUCY·ANN JONES, et al,

*vs.*

ELI TAINTER, et al.

A mortgage executed by a pre-emptor under the congressional act of Sept. 4, 1841, to secure the price of a land warrant used by such pre-emptor in paying the United States for the land pre-empted, is not invalid because it was executed in pursuance of an agreement to execute the same made by the pre-emptor before proving up, or entering the land. *McCue vs. Smith,* 9 *Minn.,* and *Woodbury vs. Dorman,* 15 *Minn.,* overruled as to this point.

Such land warrant is purchase money, and a mortgage to secure payment of its price takes precedence of a widow's right of dower, or a homestead right under *sec. 4, ch. 36, and sec. 93, ch. 61, Pub. St.* (1858.)

An *agent* is not a *personal representative* within the meaning of *sec. 32, ch. 63, Pub. St.* (1858.)

The facts that a mortgagor has deceased, that his estate has been administered upon and commissioners have been appointed to adjust claims against the same, in no way affects the lien of a mortgage executed by the deceased, or the right to foreclose the same, though the debt or claim secured by such mortgage has not been presented to such commissioners for allowance.

This action was commenced in the district court for Meeker county, and was tried· before the court without a jury. The facts were substantially. as follows: The defendant Tainter furnished one Robinson Jones with a land warrant, which he used in paying the United States for certain land applied for and purchased by him under the pre-emption act of September 4, 1841. To secure the payment of one hundred and seventy dollars, a part of the price of the warrant, said Jones on the same day he entered the

Jones et al. v. Tainter et al.

land, after entering it, executed a mortgage upon the pre-empted premises, to Tainter, it being expressed in the mortgage, that it was given to secure the purchase money of the land. The mortgage was executed pursuant to an agreement to execute the same, made before Jones ,proved up, and entered the land.

Tainter assigned the mortgage to defendant, Abram Kelly, who purchased · in good faith and foreclosed the same by advertisement, and became the purchaser at the sale; he afterwards deeded an undivided half to defendant, Mark W. Piper.. The said Robinson Jones died before the foreclosure, leaving the plaintiff Lucy Ann Jones, his widow, and the other plaintiffs his heirs. The plaintiff Lucy Ann did not sign the mortgage. The foreclosure notice was published in a newspaper published in an adjoining county to that in which the land was situated. The estate of Robinson Jones was administered upon, and commissioners were appointed before the foreclosure, but the debt secured by the mortgage was not presented to such commissioners for allowance. The plaintiffs demanded that the foreclosure be set aside and the mortgage declared void.

On the trial the plaintiffs offered to show that A. C. Smith was agent of the heirs of Robinson Jones, and that he resided in the county where the premises were situated at the time of the foreclosure; which being objected to, was rejected by the court and plaintiffs excepted to the ruling. The court found for the defendants, and judgment was entered dismissing the action. The plaintiffs appeal from such judgment to this court.

A. C. Smith and W. P. Warner, for Appellants.

Cornell & Bradley, for Respondents.

Jones et al. v. Tainter et al.

*By the Court*—BERRY, J.—Tainter furnished Jones a land warrant, which was used by the latter in paying the United States for certain land applied for and purchased by him under the pre-emption act of September 4, 1841. To secure the payment of one hundred and seventy dollars, being part of the price of the warrant, Jones, on the same day he entered the land, and after entering it, executed a mortgage upon the pre-empted premises in Tainter's favor, it being expressed in the mortgage that it was given to secure the purchase money of the land. The mortgage was executed in pursuance of an agreement to execute the same, made before Jones proved up and entered the land, and for this reason the court below held the mortgage to be void in the hands of Tainter : but as it appeared that Tainter had assigned the mortgage to one Kelly, who foreclosed the same by advertisement, himself becoming purchaser at the foreclosure sale, and as it was found that Kelly was a *bona fide* purchaser, the court held that he (Kelly) and Piper, his grantee, were protected by a provision of the pre-emption law in reference to grants and conveyances to *bona fide* purchasers, and that therefore, as to them (Kelly & Piper) the mortgage was valid.

The majority of the court are of opinion that the mortgage was valid in favor of Tainter, the original mortgagee, and therefore of course valid as to Kelly and Piper, who claim through Tainter. So far then as the judgment rendered in favor of Kelly and Piper in this case depends upon the validity of the mortgage as to them, we think it right, though upon grounds differing from those upon which it was placed by the court below. It is true, that in *McCue vs. Smith*, 9 *Minn.*, 259, and in *Woodbury vs. Dorman, ante* 338, it was held that a mortgage made in pursuance of an agreement such as appears in this case was void in the

hands of the original mortgagee, and as against persons claiming under the mortgagee not being *bona fide* purchasers, and unquestionably the court below was justified by those cases in holding the mortgage here void in the hands of Tainter. In the case of *Woodbury vs. Dorman*, (in which one member of the court dissented) an application was made immediately after the filing of the opinion for a re-argument by the appellant, who claimed that this court had fallen into error in holding a mortgage, given under circumstances similar to those presented by this case, void; and although a re-argument was denied for reasons peculiar to that case, the majority of the court in denying the same took occasion to express their dissent from the holding in that case, and to announce that they should feel at liberty in future to re-examine the question there determined. The majority of the court think that the question ought not to be passed over in the case at bar, regarding it as one which affects interests of too much importance and extent, to permit them to sanction by silence, or acquiescence, what they deem a mistaken view of the law. In *McCue vs. Smith*, which was followed in *Woodbury vs. Dorman*, it was held that such mortgage was void under the 13th section of the pre-emption act of September 4, 1841. This section provides that before any person claiming the benefit of the act shall be allowed to enter lands, he "shall make oath * * that he has not directly, or indirectly, made any agreement or contract in any way or manner, with any person or persons whatsoever, by which the title he might acquire from the government of the United States, should inure in whole or in part to the benefit of any person except himself."

In the opinion of the majority of this court, a simple agreement, by a person proposing to apply for, and enter

land under the act of September 4, 1841, to execute a mortgage to secure the payment of money furnished him with which to pay for such land, is not such an agreement as is referred to in the provision just quoted from the pre-emption act. It is not an agreement by which the title to be acquired, that is to say, the *fee* should inure, in whole, or in part, to the benefit of any person other than the pre-emptor; on the contrary, the presumption is that a mortgagor intends to pay the mortgage debt, and discharge his land from the incumbrance of the. mortgage, so that his title *shall not inure* to the benefit of the mortgagee. The result may be that the mortgagee through the mortgagor's default will acquire the title, and the same *result* might have followed if the pre-emptor had given his note only for the warrant, or purchase money, or for any other indebtedness, and such note having been put into judgment the holder of it had acquired title to the land pre-empted through sale upon execution. But the *result* is not important. The question is, was there any *contract* or *agreement* by which the pre-emptor fixed this result. Did the pre-emptor *contract* or *agree* that the title to be acquired, that is to say, the *fee*, *should inure to* the benefit of another? In other words, did the pre-emptor contract, or agree to do anything, which, when done, would *pass* the *title*, in whole or in part, to another, so that the pre-emption would, as to such whole, or part, be a mere *conduit* of the title? We are clear that no such contract or agreement is fairly to be inferred from a simple agreement, made before pre-emption, to secure the whole or a part of the purchase money by a mortgage upon the premises to be pre-empted. The mortgage contemplated. by such contract, or agreement, is but a security, (as this court has often held) and its execution does not have the effect of making the title acquired by the pre-emptor,

to-wit, the fee, inure, in whole, or in part, to the benefit of another. If we are right, it follows, that the mortgage in the case at bar must be held valid, so far as the pre-emption law is concerned, in favor of Tainter the original pre-emptor, as well as in favor of Kelly and Piper. The warrant in this case was furnished, not by the United States, the grantor of Jones, but by Tainter, a third person, and the question is raised whether it is to be regarded as *purchase money*, so that a mortgage made to secure it will take precedence of a widow's claim of dower, or homestead right in the premises mortgaged. As it is that with which the land is *purchased*, it is in fact the purchase money, and must be held to be such within the meaning of *sec. 4, ch. 36, & sec. 93, ch. 61, Pub. St.*, (1858) which gave the precedence spoken of, to a mortgage so securing purchase money, at the time when the mortgage in this case was executed. *Jackson vs. Austin*, 15 *Johns.*, 477; *Clark vs. Munroe*, 14 *Mass.*, 351; 4 *Kent Com.*, 39; *Washburn R. Prop.*, 176, *and cases cited in note.*

The plaintiffs insist that the testimony offered to show that A. C. Smith was agent of the heirs of Jones, the mortgagor, and resided in the county where the premises in controversy were situated, was improperly rejected. The testimony was offered only for the purpose of attacking the foreclosure, upon the ground that Smith as such agent, was "a personal representative," and notice of the sale should have been served upon him under *Sec. 32, Ch. 63, Pub. St.* This point was considered in *Atkinson vs. Duffey*, (July Term 1870) where we held that an agent was not a personal representative within the meaning of the statute. The testimony was therefore properly excluded as immaterial.

It is further urged in behalf of the plaintiffs, that as the estate of Jones the mortgagor, deceased, was administered upon, and commissioners were appointed before the foreclo-

sure, and the debt secured by the mortgage was not presented to such commissioners for allowance, it was barred, and no longer constituted a charge on the estate real or personal. As to this point, upon which no authorities are cited, we agree with the learned judge below, but this state of things in no way affected the lien of the mortgage, or the right to foreclose, whatever effect it may have had upon the liability of the estate to pay the indebtedness evidenced by the note, in a personal action.   These views dispose of the case. The opinion which we have expressed in reference to the validity of the mortgage, renders it altogether unnecessary for us to consider many of the points presented in the briefs of counsel.

Judgment affirmed.

McMillan, J., dissenting.—Upon the point of the validity of the mortgage in this case as between the mortgagor and mortgagee, under the act of Congress, I am unable to concur with the reasoning of the other members of the court, and dissent from the decision of the court upon that question.   I think under the provisions of the act of Congress the mortgage was valid in the hands of a *bona fide* assignee for value and without notice, and upon these questions adhere to the cases of *McCue vs. Smith*, and *Woodbury vs. Dorman*, heretofore decided by this court.   Upon the other questions involved in the case, and determined by the court, I concur with my brethren.