THOMAS W. WATTERSON, *et al.*, v. FRANCIS KIRKWOOD.

1. PRE-EMPTION ACT OF 1841; *Mortgage given to secure entry money.* The twelfth section of the act of Congress of September 4, 1841, in reference to pre-emption rights, does not make a mortgage made by the pre-emptor immediately after the entry of the land, and in pursuance of an understanding prior to the entry, *void*, where the mortgage by assignment becomes the property of a *bona fide* purchaser for a valuable consideration.

2. TAX LAW OF 1860. Lands entered or pre-empted prior to the third Tuesday of August, 1860, were liable to be taxed for that year.

## *Error from Marshall District Court.*

THE action below was brought by *Kirkwood* against W. H. Pearsoll and wife to foreclose a mortgage given by them July 28th, 1860, to one John Potter and by Potter assigned to plaintiff. *Thomas W. Watterson* and some six other persons were joined as defendants as having some claim or interest in the mortgaged premises accruing subsequently to the mortgage. *Watterson* was the only defendant who appeared and answered, and he set up several defenses, among which were, *first* that the mortgage was void, being given by Pearsoll to Potter as security for the payment of a land-warrant sold by Potter to Pearsoll to enable the latter to enter the land, and pursuant to a previous agreement between such parties that immediately upon making the entry of the land Pearsoll would make said mortgage, and that said mortgage was made on the day of such entry, and immediately thereafter; *second*, said *Watterson* had acquired title to said land by deed of conveyance from said Pearsoll and wife to him dated February 8, 1864, and that his said title was paramount to the supposed lien of the plaintiff, by reason of the fact that the note and mortgage given by Pearsoll to Potter, upon which plaintiff's claim was based, were barred by the statute; *third*, that said land had been legally assessed in the year 1860, that the taxes thereon had not been paid, that said land had been duly sold for such unpaid taxes, and that on the 8th of March, 1865, the county clerk of

said Marshall county executed to said *Watterson*, as assignee of the tax-sale certificate, a tax deed of said lands, which deed vested in him (Watterson) the fee-simple title of said land freed from any lien or incumbrance thereon by reason of said mortgage. The action was tried by the court at the April Term, 1870. The findings of the court were as follows:

"Conclusions of fact: 1st, That the note and mortgage sued on were executed to secure the land warrant, as claimed in defendant's answer; 2d, That said note and mortgage became due on the 28th of July, 1861; 3d, That defendant Pearsoll left the state of Kansas in May, 1864, and has never since returned to this state; 4th, That said land was entered under the pre-emption act on the 28th of July, 1860, and sold for the taxes of said year, and tax deed made in pursuance of said sale.

"Conclusions of law: 1st, The contract sued upon was legal and valid; 2d, The claim is not barred by the statute of limitations; 3d, The land was not taxable for the year 1860, and 4th, The said tax deed is void."

Judgment of foreclosure and sale was given in favor of *Kirkwood*, and *Watterson* brings the case here by petition in error.

*Shannon & Brumbaugh*, for plaintiff in error, in support of the proposition that the Pearsoll note and mortgage were void, cited the act of congress of 4th September, 1841, § 12; and in support of the validity of the tax deed issued to Watterson, cited the tax law of February 27, 1860, §§ 25, 67, Laws of 1860, pp. 209, 218; Comp. Laws, pp. 863, 873.

*W. W. Guthrie*, for defendant in error, maintained that the tax deed was void, the land not being subject to taxation for 1860, and cited 5 Kas., 505. And that the mortgage was not a conveyance, only a lien, cited 2 Kas., 391; but if a conveyance, then it was a legal contract: 6 Kas., 112.

The opinion of the court was delivered by

KINGMAN, C. J.: Two errors are urged in the brief and argument of plaintiff in error. First, that the mortgage sued on

was invalid; second, that the court erred in finding that the land was not taxable in 1860.

I. On the same day that the land was entered the mortgage was executed. The consideration was the land-warrant sold to Pearsoll with which he entered the land. The warrant was sold with an understanding that the payment therefor should be secured by a mortgage as soon as the land was entered, and the mortgage was given in pursuance of such understanding. It is insisted that the mortgage is invalid because it is in contravention of the 13th section of the law of 1841 in relation to pre-emptions. It may well be doubted whether Watterson is in a situation to raise this question. If the government waives the fraud of the pre-emptor and gives him a patent for the land, by what right does one holding under the pre-emptor complain? Again, under our statute it may be questioned whether a mortgage is such an alienation as is contemplated by the law referred to. It is often the only way in which the pre-emptor can raise the means to secure his land, and therefore is not within the spirit of the law. And a mortgage is of such a character in this state that it is difficult to consider it an alienation under the letter of the law. But the case as to this point may be decided without reference to these doubtful questions referred to, for the statute in the same section makes a saving in favor of *bona fide* purchasers for a valuable consideration. Now if the mortgage can be held a conveyance under the statutes, then Kirkwood holds it as an innocent purchaser for a valuable consideration, and is not affected by the fraud of Pearsoll.

II. We think the court erred in holding that the land was not taxable in 1860. It was entered on the 28th of July, 1860, and thus became taxable for that year. The law in force was the law of the previous session. (Laws 1860, p. 203.) The learned judge who tried the case probably decided it by reference to § 12 of the act, which is somewhat obscure, and by itself is susceptible of an interpretation that the land must have been entered on or previous to the first day of May to to render it taxable for the current year; but a reference to

subsequent sections of the act will be enough to show that such construction is wrong. By § 25 the commissioners meet as a board of equalization on the the third Tuesday of August. Section 67 is as follows: "The county board of equalization shall have power to enter on the tax roll any lands which may have been omitted by the assessor, provided the same shall have been entered or pre-empted before the first day of their session, and give the same a fair and just valuation." So that any lands entered or pre-empted before the third Tuesday in August of that year were taxable for that year. This decision is not at all in conflict with the case of *Taylor v. Miles*, 5 Kas., 498, cited by defendant in error. That decision was a correct construction of the law of 1858. This law was wholly changed in 1860, and courts have to apply the law in force.

The judgment is reversed and the case remanded for further proceedings.

All the Justices concurring.