Brewster v. Madden.

JOEL BREWSTER v. CATHARINE C. MADDEN.

1. MORTGAGE BY PREËMPTOR — *When Void.* A mortgage given by a preëmptor upon the land preëmpted before the entry, is void, as forbidden by the 13th section of the act of congress of September 4th, 1841.

2. —————— *Where there is no Fraud, there is no Estoppel.* Where there is no fraud, misrepresentation or concealment, neither the mortgagor nor his heirs are estopped from setting up the invalidity of the mortgage in an action of foreclosure brought by the mortgagee.

### *Error from Cherokee District Court.*

FORECLOSURE, brought by *Brewster* against the widow and children of Leonard C. Madden, deceased. The mortgage was given by said Leonard C., and *Catharine C.* his wife, February 17th 1871, and was upon four lots in the city of Baxter Springs, and eighty acres of land then held by said Madden under the preëmption act. The district court, at the June Term 1873, held said mortgage invalid as to the eighty acres, and gave judgment accordingly. *Brewster* brings the case here.

*J. R. Hallowell,* for plaintiff:

Judgment for the amount of said note was rendered by the court, and the mortgage foreclosed as to said lots, but the court held the mortgage to be void as to the said land. The execution of said mortgage by Madden and his wife (one of the defendants,) being admitted, the only questions are, Is the mortgage void as to said eighty acres of land? and, Can the defendants in this action raise that question? The land was settled upon by Madden, April 1st, 1866, who filed his declaratory statement on the 13th of October, 1869. The entry was completed by the said Catharine as administratrix, for the benefit of the heirs of deceased. A mortgage under the laws of Kansas is not such a "transfer," "assignment,"

17—15 KAS.

"grant," or "conveyance," as is contemplated or specially mentioned in the preëmption law. Secs. 12 and 13, preëmption act of 1841; § 1, ch. 68, Gen. Stat.; 2 Kas. 391; 8 Kas. 465; 6 Kas. 112. The defendants are not in a condition to raise the question of the validity of said mortgage: Biglow on Estoppels, 269, ch. 8; 22 Mich. 410; 6 Kas. 153.

*Ritter & Anderson*, for defendants.

The opinion of the court was delivered by

BREWER, J.: Is a mortgage given by a preëmptor prior to the entry of the lands, void? and if so, are his heirs estopped from setting up its invalidity in an action to foreclose the mortgage? These are the only questions presented in this case. The mortgage was on the lands entered, and on four town lots. It was given long before the entry, and to secure simply the purchase-price of the four lots. Intermediate the mortgage, and the entry, the mortgagor died, and the entry was made by the widow, in the name and for the benefit of the minor heirs. Sec. 13 of the act of congress of September 4th 1841, (U. S. Stat. at Large, p. 456,) provides that before an entry shall be allowed, the claimant shall make oath that "he has not directly or indirectly made any agreement or contract, in any way or manner, with any person or persons whatsoever, by which the title which he might acquire from the government of the United States should inure in whole or in part to the benefit of any person except himself;" and it also provides, that "any grant or conveyance which he may have made, except in the hands of *bona fide* purchasers for a valuable consideration, shall be null and void." The question is not free from difficulty. On the one hand it may be said that, as viewed in this state, a mortgage is neither a grant, nor a conveyance, and therefore not within the letter of the statute; that a statute like this ought not to be extended by any construction beyond its plain letter, nor held to invalidate transactions not specifically and directly forbidden; that often a preëmptor needs assistance to com-

plete his payment, which assistance he can only obtain by giving the land itself as the security, and that to deny him the use of the land for this purpose is against the spirit of the law. *Watterson v. Kirkwood*, 8 Kas. 465. On the other hand it may be urged, that the terms, "grant," and "conveyance," are broad enough to include a mortgage as much so as the term "alienation," in the constitutional and statutory homestead sections, and that it is so used in this section, is evident from the terms of the affidavit required; that a mortgage is certainly an "agreement or contract," by which the title "would inure in part to the benefit" of the mortgagee, and that as the preëmptor must swear that he has made no such agreement, so the agreement when made must be held null and void. *McCue v. Smith,* 9 Minn. 252; *Warren v. Van Brunt,* 19 Wall. 646. We are inclined to favor the latter construction, and to hold that congress intended by this section, that when the title passed by the entry to the preëmptor it should pass perfect and unincumbered. This act was passed in 1841. Mortgages, always in form conveyances, were then regarded by the profession generally more as conveyances, and subject to the laws and conditions of conveyances, than at present, perhaps anywhere, and certainly in Kansas; and in the light of the general understanding then, must this section be considered. It seems more reasonable that by these terms, "grant and conveyance," was intended all forms of conveyance, whether absolute, as a warranty deed, or upon condition, as a trust deed, or mortgage. We see no ground for the application of estoppel. The mortgagee was not ignorant of the facts. No fraud, misrepresentation, or concealment is shown. The mortgagee sold four lots, and as additional security took the land.

The judgment will be affirmed.

All the Justices concurring.