## WILCOX ET AL. v. JOHN.

<div style="float:right">

| 21 | 367 |
|----|-----|
| 13a | 126 |
| 21 | 371 |
| 31 | 309 |

</div>

PUBLIC LAND—MORTGAGE BY PREËMPTOR.

Neither a mortgage nor a deed of trust, executed by a preëmptor of public land before final proof, is a grant or conveyance within the meaning of the prohibitory clause of the statute.

*Appeal from the District Court of Las Animas County.*

THIS is an action in the nature of an action of ejectment, brought by appellee, James M. John, as plaintiff, to recover from appellants, James Wilcox and William Moad, a quarter section of land situate in Las Animas county. There is no dispute as to the facts, which are as follows:

One James Hunt was the patentee of the land in question, and each of the parties to this suit deraign title through said Hunt. On the 18th day of November, 1886, the title to the land then being in the United States, Hunt was residing upon the same, claiming title thereto under the preëmption laws of the United States. At that date, and while so residing upon and claiming the land as a preëmptor, Hunt executed a deed of trust, in which he attempted to convey said quarter section to one A. C. McChesney, as trustee, for the use of one W. F. Hall. This trust deed was executed for the purpose of securing the payment of $204, which Hunt at that time borrowed from Hall for the purpose of paying the expenses of proving up and purchasing the land

from the government. It is admitted, however, that no part of the money borrowed by Hunt was ever used to pay for the land. In fact, he did not at that time make final proof and entry, but soon thereafter caused the greater part of the money to be paid to A. C. McChesney, the trustee, who returned $140 of it to William Hall, to be applied in part to the satisfaction of the Hunt note.

Hunt continued to reside upon the land, holding and claiming the same as a preëmption, and on the 20th day of June, 1888, made final proof in regular form and received his certificate of purchase therefor.

On March 16, 1888, S. A. Pauley and Henry George obtained a judgment against Hunt for the sum of $427. This judgment was rendered by the district court of Las Animas county, and the plaintiffs claimed a lien on the real estate then owned by the defendant or which he might thereafter acquire, but no transcript of the docket entry of this judgment was ever filed with the clerk and recorder. Execution was, however, issued and delivered to the sheriff, and, after Hunt obtained title to the land, this execution was levied upon the premises in question and the same were sold and deeded by the sheriff to the plaintiff in this action. This levy and sale were made subsequent to the conveyance to Wilcox and the filing of the same for record, as hereinafter detailed.

On the 26th day of June, 1888, Hunt executed a warranty deed to the defendant James Wilcox, which deed was immediately filed for record and duly recorded in the office of the county clerk and recorder of Las Animas county. The deed describes the land as located in range 23, and adds the following words: "Being the same land as acquired from the government by virtue of receiver's receipt No. 5018." In this deed the range is incorrectly given; it should be 63 instead of 23. Upon these facts the district court entered judgment for the plaintiff. The defendants bring the case here by appeal.

Messrs. Northcutt & Franks, for appellants.

Mr. James M. John, for appellee.

Chief Justice Hayt delivered the opinion of the court.

Appellee claims title through two sources, viz.: 1st. A purchase made under the trust deed of the preëmptor to McChesney, to secure the payment of a debt due from him to Hall. 2d. The judgment, levy and sale resulting from the suit of Pauly and George.

It is conceded that the title under the deed of trust is prior in point of time to that claimed by appellants, and it is also admitted that all the necessary steps, such as recording, foreclosures, etc., under the trust deed were duly taken, the single question being as to the right of a preëmptor to mortgage the land before making final proof and obtaining a receiver's receipt for the same.

Appellants claim that a trust deed given under such circumstances is in contravention of section 2262 of the Revised Statutes of the United States, which requires of the preemptor, among other things, an oath " that he has not settled upon and improved such land to sell the same on speculation, but in good faith, to appropriate it to his own exclusive use; and that he has not, directly or indirectly, made any agreement or contract, in any way or manner, with any person whatsoever, by which the title which he might acquire from the government of the United States should inure in whole or in part to the benefit of any person except himself." It is further provided that " any grant or conveyance which he may have made, except in the hands of *bona fide* purchasers for a valuable consideration, shall be null and void, except as provided in section 2288."

It has been held in a few cases that a mortgage or a deed of trust upon land is a grant or conveyance within the meaning of the statute, and consequently void. *Brewster v. Madden*, 15 Kan. 249; *Brake v. Ballou*, 19 Kan. 397; *Ains-*

Vol. xxi—24

*worth v. Miller*, 20 Kan. 220. And this seems to have been the ruling of the land department at one time, but as early as 1882, Mr. Teller, the secretary of the interior, called attention to the unsoundness of the prior decisions of the department, and in a carefully prepared opinion held that the mere possibility of a title resulting for the benefit of another person, as in the case of a mortgage, was not sufficient to prevent the preëmptor from obtaining patent. The rule then announced has, we think, been uniformly followed by the department since. It is founded upon sound reasons, and in practice it has not infrequently been of benefit to settlers in negotiating loans to carry them over periods of drouth, or of business depression, and should be maintained if not inconsistent with the terms of the statute, as it is of the highest importance that the decisions of the courts in these matters should be in harmony with the rulings of the land department.

The rule contended for by appellants, whereby a mortgage is held to be interdicted, is founded upon a somewhat forced construction of the words "grant" and "conveyance" as used in the statute. By the later, and, as we think, the better considered cases, it is held that neither a mortgage nor a deed of trust is a grant or a conveyance within the prohibitory clause of the statute. *Norris v. Heald*, 12 Mont. 282; *Fuller & Co. v. Hunt et al.*, 48 Iowa, 163; *Jones et al. v. Tainter et al.*, 15 Minn. 512.

It is not claimed in this case that the deed of trust was executed for any purpose prohibited by the statute. On the contrary, the *bona fides* of the transaction is admitted. The title procured by plaintiff as a result of the foreclosure and sale being in all respects regular, must be upheld. This renders any consideration of appellee's second source of title unnecessary. The judgment of the district court is affirmed.

*Affirmed.*