[No. 5921.]

RUNYAN ET AL. v. SNYDER.

1.  **Pleadings — Amendment on Bringing in New Party —** It seems that the order making a stranger party to an action at law is as effective as if an amended complaint were filed.  Even if, under circumstances, it would be proper to require an amended complaint, the new party, by pleading, waives the right to require it.— (158)

2.  **Public Lands—Conveyance by Entryman Before Patent—** The acts of Congress (Rev. Stats., §§ 2290-2296), do not prohibit one who enters land under the pre-emption law, or the homestead act, from executing a mortgage thereon in advance of the patent, or even in advance of the entry, or obtaining the receiver's receipt, unless it appears that such mortgage was a mere device to transfer the title in evasion of the statute.— (160)

3.  **Homestead—Record of—** To entitle one to the benefits of the statute exempting the homestead from execution, the owner must enter the word "homestead" on the margin of the recorded title.— (161)

4.  **Deed—Name of Grantor—** If the name of the grantor appears in the covenants, this is sufficient.—(162)

5.  **Ejectment—Demand of Possession—** The owner of lands may bring an action to recover the same from a trespasser without first demanding possession.— (162)

6.   **Appeals—Harmless Error**—Where substantial justice has been accomplished, technical errors and trivial irregularities will be disregarded.—(163)

7.   **Appeals—Abstract**—Where an appellant desires a review of the evidence, he must set it forth in his abstract.—(163)

*Appeal from Weld District Court*—Hon. JAMES E. GARRIGUES, Judge.

Messrs. THOMPSON & HATCH, for appellant.

Mr. ELBERT C. SMITH, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The complaint has two causes of action, the object of the first being the recovery of possession of real estate of which plaintiff alleges ownership; the second the recovery of damages for past, and to restrain threatened future, wrongful removal of improvements therefrom. As originally drawn the complaint named only William Runyan as a defendant. Before issues were joined, upon a proper showing by plaintiff, the court ordered Asa Runyan, the son of William, to be made a party defendant. Asa was duly served with process and appeared generally. William filed an answer in which his defense to the first cause of action is in the nature of, and is treated by the parties themselves as, a disclaimer; but he also denies the material allegations of the first, and, in a separate defense, those of the second, cause of action. In entering his general appearance Asa, the new defendant, filed a demurrer to the complaint, the same not having been amended after Asa was brought in, because of its insufficiency, and upon the special ground that it was ambiguous, unintelligible and uncertain. This demurrer was overruled and Asa filed an answer, the first defense consisting of a general denial of all the allegations of the com-

plaint, the second defense merely stating that the complaint does not state facts sufficient to constitute a cause of action as to him. Upon the issues thus framed there was a trial to the court, without a jury, which found for plaintiff upon both causes of action and entered a judgment establishing in plaintiff ownership of the real estate, awarding him nominal damages for the ouster, and a judgment for $50.00 against both defendants for the value of the improvements which they had removed from the premises. Defendants appealed.

1. Defendants' counsel say that the court improperly overruled the demurrer of Asa to the complaint. After Asa was made a party defendant the complaint was not amended so as to make its allegations specifically applicable to him, as counsel say good practice requires. The authorities are not in accord as to whether a complaint, after a new party defendant is brought in, should be so amended, or whether the court's order making him a defendant is to be taken as the equivalent of an amendment to the complaint making its allegations apply to him as well as the original defendant. In 1 Enc. Pl. & Pr., p. 543, the authors say that "Where a new defendant is brought in by order of court, the complaint must be amended or another complaint filed as to him, unless he waives his right by answering the original complaint." In 15 Enc. Pl. & Pr., p. 701, citing *McGregor v. McGregor,* 21 Iowa 441, it is said that "an order of court and service of notice making a person a party defendant to an equity action are as effective as if there had been an amendment of the petition making such person a party and repeating its averments as against such persons." We know of no reason why this principle is not equally applicable to a legal action under our code. But whichever is the better rule, the authorities

agree that a party, thus brought in, may waive his right, if any, to have the original complaint amended, by voluntarily answering the same. Here Asa, by answering, treated the original complaint as though its averments were directed against him. He thus put in issue its allegations and thereby cured the irregularity, if any, on the part of plaintiff, in not filing a new, or amended, complaint. An objection to a complaint that it does not state facts sufficient to constitute a cause of action may be raised for the first time upon an appeal, but that rule has nothing to do with this case. When Asa filed his demurrer to the complaint, he elected to regard himself as an original party defendant, and when he answered, by putting in issue its averments, he waived his right, if any, to demand that it be amended. If Asa had been named in the complaint as a defendant when the initial pleading was filed, there is no doubt that it would state a good cause of action against him. Certainly after findings for plaintiff, the objection here made will be treated as cured or waived.

2.    Plaintiff Snyder deraigns title through the foreclosure of a trust deed which was given by William Runyan. William filed upon this land under the homestead laws of the United States, and before receipt of patent, or a receiver's receipt upon final proof, he gave this trust deed upon the land to secure money to pay the necessary expenses of proving up, and the purchase price of the land. Defendants contend that an entryman upon lands of the United States, either a homesteader or a pre-emption claimant, may not, in advance of obtaining patent or a receiver's receipt, alien or encumber the same. Sections 2290-2296, Rev. Stats. U. S., are the pertinent provisions. They have been construed as preventing an entryman from contracting, or agreeing in advance, to do anything, which when done,

would, or might, pass the title in whole or in part to another. Early decisions like *Brewster v. Madden,* 15 Kan. 249, and *McCue v. Smith,* 9 Minn. 252, favor defendants' contention. But the later cases, determined after the decision of Mr. Teller as secretary of the interior in *Larson v. Weisbecker,* 1 Land Decisions, Department of Interior, 409, are the other way. This court in *Wilcox v. John,* 21 Colo. 367, and our court of appeals in *Hubbard v. Mulligan,* 13 Col. App. 116, following the ruling of the secretary, decided that the foregoing acts of congress do not prohibit a pre-emptioner or homesteader from giving a mortgage or trust deed upon the entered lands in advance of patent or receiver's receipt, unless, of course, it should be made to appear that the encumbrance was intended as a means of transferring the title in evasion thereof; in which event it is void; but if made in good faith, for any other purpose, it is valid. Applying this ruling to the case in hand, the trust deed is valid. The homesteader, before the receiver's receipt or patent issued, executed the deed to secure a loan of money for the purpose of applying the proceeds to the payment of the land in question. A late case, in which the conflicting doctrines are reviewed, in harmony with our conclusions, is *Stark v. Morgan,* 85 Pac. 567, 73 Kan. 453, in which Porter, Justice, points out that the earlier Minnesota and Kansas cases have been expressly overruled. *Weber v. Laidler,* 26 Wash. 144, commented on unfavorably in 54 Gen. Law Journal 108, is a well considered case in line with *Wilcox v. John, supra.*

Another objection urged to the trust deed is that, since it constitutes an encumbrance on a homestead and is not joined in by the wife of the grantor, it is void. We are cited to no federal statute, or decision thereunder, making such joinder necessary. True, § 2132, 1 Mills' Ann. Stats., gives every house-

holder in this state, being the head of a family, a homestead not exceeding in value the sum of two thousand dollars, exempt from execution, attachment, etc. To entitle the householder to such benefit he is required to cause the word "homestead" to be entered of record in the margin of his recorded title to the same, and to have the same properly attested. By § 2137, *ibid.*, the owner or occupier of any homestead may voluntarily mortgage the same, but such mortgage shall not "be binding against the wife of any married man, who may be occupying the premises with him, unless she shall freely and voluntarily, separate and apart from her husband, sign and acknowledge the same." But these provisions do not help out defendants' contention. William Runyan did not cause to be entered "homestead" in the margin of the record. We are of opinion that the trust deed was not invalid for any of the reasons assigned. It appearing that the foreclosure thereunder was regular, plaintiff's title, being derived therefrom, is good as against the objections considered.

3. Another of defendants' objections to plaintiff's title is that in one of the deeds, subsequent to foreclosure, upon which he relies, the name of the grantor does not appear. Whether this objection is borne out by the record we are not, under our rules of practice, obliged to determine, as the deed is not abstracted, not even its substance being stated in the printed abstract. Assuming, however, that opposing counsel in their briefs accurately state the contents of the deed, the name of the grantor does appear in that instrument. The grantor is described as "the party of the first part," and the name of the party of the first part is given, which is the identical name signed to the deed, as grantor, whose acknowledgment as such was taken.

There is a conflict in the decisions, English and earlier ones in this country holding that a deed of conveyance of real estate is void unless the name of the grantor appears in the granting clause, some of them going to the extent of saying that it is not sufficient if the *habendum* clause contains it, while other, and later, cases hold that the grantor's name in the body of the deed is not essential. The question is discussed in 1 Devlin on Deeds, §§ 194-204; 3 Washburn on Real Property (6th ed.), § 2120. Both these learned authors favor the rule last mentioned and say that if the grantor signs it, though his name is not in the body of the deed, this is, at least, *prima facie* evidence of the validity of the instrument. But we are not called upon to express our opinion on this conflict, as the name of the grantor does appear in the body of this deed, not in the granting, but in the warranty, clause. That, we think, makes the deed valid, certainly as against defendants, who are strangers to the title.

4. Defendants invoke the doctrine that a purchaser of real property must take notice of the rights of those in possession when the circumstances of such possession are sufficient to put a reasonable person upon inquiry in respect thereto, citing *Coffey v. Emigh*, 15 Colo. 184, 25 Pac. 83; and *American National Bank of Leadville v. Jerome*, 22 Colo. 44, 43 Pac. 217. Just what benefit this doctrine is to defendant it is difficult to discover. When plaintiff acquired the premises by purchase defendants were in possession. Plaintiff therefore was charged with knowledge, or notice, of their rights, if any. When plaintiff sought to ascertain what defendants' claim was he discovered, as the trial court found, that they were merely trespassers and had no rights whatever. Being trespassers, they were not entitled to notice to quit before this action was brought, and had no

rights in the premises whatever that they can assert against plaintiff's title.

5. The assignments of error directed to the insufficiency of the evidence to support the findings and decree of the court do not merit consideration. The printed abstract of the record is manifestly incomplete. Material parts of plaintiff's evidence are omitted. This appears from certain portions of the printed abstract which refer to a material witness of plaintiff whose testimony is not printed in the abstract as our rules require. It is incumbent upon appellants affirmatively to show wherein the evidence is insufficient, and in this they have failed. Moreover the printed abstract itself shows a sufficient legal basis for the findings. The question as to the validity of the trust deed is the only one that is fairly debatable, and when, in discussing that branch of the case, we held it valid, the other assignments are easily disposed of. There may have been trivial irregularities in the trial, and some technical errors may have been committed, but substantial justice has been done, and the judgment could not have been otherwise under the evidence. It is therefore affirmed.                             - *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.