## No. 9359.

### THOMAS v. WISNER.

1. PUBLIC LANDS—*Entryman, Before Patent,* may encumber his entry.
2. ——*Heirs of the Entryman,* are accorded the same right.

3. CONTRACT—*Construed.*   A settler upon public land died before
   making final proof.   His heirs, before making such proofs,
   entered into an agreement with one who had advanced money
   to the settler which was used by him in making improve-
   ments upon the land, reciting such advance and the applica-
   tion of the money, and promising to "reimburse" to her, "out
   of the said land" and "hereby assign to her so much of said
   interest, now or hereafter acquired from said lands as may
   be necessary to reimburse her," for the payment of a certain
   judgment.

THE paper was construed to be in the nature of a mortgage and
   upon sufficient consideration.

*Error to Logan District Court, Hon. H. P. Burke, Judge.*

Mr. H. E. CHURCHILL, Mr. F. W. CLARK, for plaintiff in
error.

Mr. Justice Scott delivered the opinion of the court.

THE complaint in this case, by the plaintiff in error, al-
leged in substance that Charles A. Wisner, an unmarried
man, entered as a government homestead, the N. W. ¼ of
Sec. 30, Twp. 12 S. of Range 51, in Logan County, Colo-
rado, and continued to reside upon and improve the same
until the time of his death, which occurred without his hav-
ing made final proof thereon.   That at the time of the death
of Charles A. Wisner, he left as his sole heirs at law two
brothers, Edward H. Wisner and Fred A. Wisner, and two
sisters, Elizabeth Luckett and Jennie M. Hunt.

That subsequent to the death of Charles A. Wisner, the
heirs caused final proof on said homestead to be made, and
received a government patent conveying said tract to the
heirs of the entryman.

That during his lifetime and while residing on said home-
stead, Charles A. Wisner, the entryman, became indebted
to his brother, Edward H. Wisner, in the sum of $412.50,
which sum of money was used by the entryman in and about
the improvement of the said homestead.   That to evidence
said indebtedness, Charles A. Wisner executed and de-
livered to his brother, Edward H. Wisner, his promissory
note in said sum, and procured the plaintiff in error, Olive

M. House, to sign said promissory note as joint maker, or as surety.

Subsequent to the death of Charles A. Wisner, the entryman, Edward H. Wisner, the payee of said note, brought suit and recovered judgment against Olive M. House, the joint maker, now plaintiff in error, for the full amount of said note, interest and costs.

On the day said judgment was rendered, and prior to the satisfaction thereof by the plaintiff in error, the said Edward H. Wisner and the defendant, Fred A. Wisner, brothers and heirs of Charles A. Wisner, jointly executed and delivered to the said Olive H. House their contract and agreement in writing as follows:

"This indenture, made and executed this 5th day of September, 1913, by and between Fred A. Wisner and Edward H. Wisner, parties of the first part, and Olive M. House, party of the second part, all of Lexington, Dawson County, Nebraska, witnesseth:

That whereas, on this day there has been entered in the County Court of Dawson County, Nebraska, judgment for the sum of $412.50 against the said Olive M. House in a cause wherein the said Edward H. Wisner was plaintiff and the said Olive M. House was defendant;

And whereas, said action was brought and based upon a certain promissory note, dated November 9, 1909, payable to the order of said Edward H. Wisner and signed and executed by Charles A. Wisner, now deceased, and the said Olive M. House, and whereas the consideration of said note was for money loaned and advanced to the said Charles A. Wisner, now deceased, and by him used as to a part thereof to and about the improvement of a certain government homestead filed upon and occupied by the said Charles A. Wisner, now deceased, which said homestead entry and land is described as follows, to-wit: The Northwest Quarter of Section Thirty, Township Twelve, Range Fifty-one, in Logan County, Colorado;

Now, therefore, in consideration of the liability of said

Olive M. House for the payment of said judgment and costs, the said first parties hereby agree with the said second party that they will reimburse and pay to the said Olive M. House out of such interest in the said land hereinbefore described as they may now or hereafter take or acquire in said land from the government of the United States, as heirs at law of said Charles A. Wisner, deceased, and that they will and do hereby assign to the said Olive M. House so much of their said interests now or hereafter acquired from said land as such heirs as may be necessary to reimburse her for all moneys paid by her on account of said judgment and costs.

It is further agreed by all of said parties that the validity or lien of said judgment shall not be impaired on account of anything in this agreement contained.

Witness our hands on the date first above mentioned.

EDWARD H. WISNER,<br>FRED A. WISNER.

Witness:

NILES E. OLSEN."

This instrument was at the time duly acknowledged and promptly recorded in the office of the County Clerk and Recorder of Logan County, Colorado, all prior to making of the final homestead proof for said lands.

The complaint further recites that since the issuance of government patent, the said heirs have conveyed by warranty deed, said premises to one E. J. Williams.

The prayer of the complaint was that the plaintiff be declared to have an equitable mortgage lien upon the undivided one-half interest in said lands by virtue of said instrument of writing, and for foreclosure of the interest therein of the said Edward H. Wisner and Fred A. Wisner, and to enforce the payment of the claim of the plaintiff.

All parties seem to have been duly served with summons. The defendant, Fred A. Wisner alone, so far as the record discloses, appeared and filed his demurrer to the complaint, which demurrer was sustained and the cause dismissed.

The grounds of this demurrer were, 1. That the complaint does not show any consideration for the agreement which he executed. 2. That the cause of action is barred by Section 2296, Rev. Stat. of the United States, in that the contract was executed prior to patent; and, 3. That if the contract is to be held as valid, then it is an agreement made before patent, to convey an interest in the land, and for such reason is invalid.

Counsel for plaintiff in error has filed what is termed a brief in this case but in which not a single authority is cited, and the defendant in error, has filed no brief at all, and with such assistance on the part of counsel we proceed by our own effort in the endeavor to reach a just conclusion.

While the authorities are not in agreement upon the question, it is settled in this jurisdiction that a homestead or preemption entryman may mortgage or encumber the land embraced in his entry prior to final proof or patent. *Wilcox v. John*, 21 Colo. 367, 40 Pac. 880, 52 Am. St. 246; *Runyan v. Snyder*, 45 Colo. 156, 100 Pac. 420, and *Hubbard v. Mulligan*, 13 Colo. App. 116, 57 Pac. 738.

This being true, there can be no sound reason why the heirs at law of such an entryman, who succeeded to his rights and duties in the premises, may not be accorded the same right.

It is clear from the instrument in question, that it was not intended, and cannot be construed to intend a sale of an interest in the premises, for the assignment is only of so much of an interest as may be necessary to "reimburse" the plaintiff for the amount paid on the judgment.

The instrument partakes of the nature and character of a mortgage. Its clear purpose was to secure the payment of an obligation. It is specific as to the amount of the obligation to be secured, and as to the particular interest in the lands designated as security, and as to parties. It was acknowledged, recorded and otherwise treated by the parties as a mortgage. Therefore irrespective of its form it must be construed to be an equitable mortgage.

The remaining question raised by the demurrer is the

more difficult one of consideration for the contract. It is plain that if the deceased entryman had made the agreement, the consideration would have been sufficient and valid. He had received the money, and according to the complaint, had expended it or at least a part of it in making improvements on the land.

The heirs succeeded to the same rights and interests as were possessed by the deceased entryman, and therefore to the value and benefit of the improvements made thereon through and by means of the sum of money which the plaintiff in error ultimately paid. This would seem to be a sufficient consideration for the mortgage agreement by the said heirs to reimburse the plaintiff, and to impress a lien on their interests in the premises, present and prospective.

It is true that the payment by plaintiff of the judgment against her and which she was at the time obligated to pay, would not in itself be a valid consideration, but if the promisors were to receive the benefit of valuable improvements, made through an expenditure to which she materially contributed, and against which she might at the time have asserted a legal claim, then this will constitute a valuable consideration for the agreement to reimburse.

It may be, though not clearly expressed in the complaint, that the plaintiff forebore the assertion of a right, to subject the improvements to the satisfaction of her claim against the estate, as a consideration of the promise of the defendants, and that under the facts, this forbearance was a sufficient consideration for the agreement.

The complaint though ambiguous, suggests such conclusion. The complaint in these respects may have been subject to a motion to make it more specific and certain, but it was not subject to a general demurrer.

The judgment is reversed with instruction to overrule the demurrer, to permit the parties to amend their pleadings as they may be advised, and to proceed with the trial of the cause in accordance with the views herein expressed.

The judgment is reversed.

Garrigues, C. J. and Denison, J. concur.