## No. 17,105.
### JORDEN *v.* ELLIS.
(262 P. [2d] 275)

Decided October 13, 1953.

Mr. J. NELSON TRUITT, for plaintiff in error.

Messrs. KAY & HODGES, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON December 8, 1952, defendant in error, as plaintiff, filed a complaint in forcible entry and detainer in a justice of the peace court of the City and County of Denver in which he alleged: Ownership of the property therein described; that he was the buyer of the certificate of purchase under foreclosure proceedings on May 6, 1952; that on December 2, 1952, after all periods of redemption had expired, he received from the public trustee a trustee's deed to the property; that defendants are the former owners of the premises and the grantors of the foreclosed deed of trust; that on the 3rd day of December, 1952, a notice or demand for possession as of the 5th day of December was served on defendants by posting the original copy in a conspicuous place on the premises; and finally that defendants unlawfully, wrongfully and without force, hold possession of the premises contrary to the rights, and without the consent, of plaintiff.

To this complaint defendant Jorden filed an answer admitting all the allegations of the complaint with exception of the last paragraph, which was to the effect that defendants were unlawfully, wrongfully and without force holding possession of the premises; this was specifically denied. For further answer defendant alleges that the demand or notice was insufficient under the statutes of the State of Colorado, and therefore the defendant's holding of possession was not unlawful; and in the alternative, if said demand or notice is sufficient, then the time granted in the said demand or notice is not a reasonable time to permit defendant to comply with

the notice and defendant therefore is not holding possession unlawfully.

Transcript of the justice court records discloses that hearing was had on the 15th day of December, and judgment entered in favor of plaintiff for possession and costs. Present counsel for defendant now plaintiff in error, entered his appearance for the purpose of perfecting an appeal to the county court; such appeal was perfected; the files of the justice of peace court were transferred to the county court; and the case set for trial to a jury.

At the outset counsel for plaintiff presented an oral motion for judgment on the pleadings; objections to the motion were made on the ground that there was no statute or rule of procedure for such judgment in justice of the peace matters; and that the case before the court still is a justice of the peace matter and the statute requires that same be tried de novo in other words; and further, that there was no authority for granting judgment on the pleadings in such cases. The motion was sustained and judgment entered in favor of plaintiff for possession and costs; and that a writ of restitution not issue before ten days. Motion for new trial was dispensed with and the record is presented on this writ of error.

It is abundantly clear that this action was instituted under section 4, chapter 70, '35 C.S.A., which provides that, "Any person shall be deemed and held guilty of an unlawful detention of property in the following cases: * * * Sixth—when the property has been duly sold, under any power of sale, contained in any mortgage, or trust deed, which was executed by such person, or any person, under whom he or she claims, by title, subsequent to date of the recording of such mortgage, or trust deed, and the title under such sale has been duly perfected, and the purchaser at such sale, or his assigns, has duly demanded the possession thereof."

Section 9 of chapter 70, supra, provides in part: "In all actions hereafter brought before justices of the peace

under the sixth * * * subdivision of section 4 of this chapter where the allegations of the complaint shall be put in issue by a verified answer, the justice shall, upon the filing of said answer, suspend all proceedings therein and certify and send said cause and transmit the papers therein to the district court of the same county."

In this case no allegation of the complaint was put in issue by the answer of defendant, which specifically admitted the material allegations. The only denial in the answer was of the unlawful detainer, and that being a conclusion of law did not raise an issue, therefore no reason for certification of the case to the district court was presented. After the case was lodged in the county court, defendant tendered an answer raising questions concerning the validity of the foreclosure action. Leave to file this answer was properly denied, because defendant could not circumvent the statute providing for certification to the district court by the justice of the peace in such cases.

Counsel for defendant, now plaintiff in error, seems to stand squarely on the proposition that motions for judgment on the pleadings cannot be entertained in such cases, because there are no pleadings. It is true that on the hearing of appeals from a justice of the peace court to the county court, written pleadings are not permitted; however, it is well known that our special statutes on forcible entry and detainer cases provide that a duly verified complaint must be in writing in which there is a description of the property involved and a recital of the facts on which plaintiff relies to recover possession, together with the name of the person or persons in possession of the premises. The answer of defendant shall be in writing and verified by defendant's oath or that of his agent or attorney, and set forth all the substantial facts upon which he relies entitling him to possession of the property, and shall specifically admit or deny all of the material facts set forth in the complaint and be on

file with the clerk of the court on or before the return day set out in the summons.

■ This procedure was followed by both plaintiff and defendants in the justice court, and whether or not there was an issue must appear on the face of the complaint and answer. Where defendant, as here, raised no issue, and none is shown by the pleadings, there was nothing left for a jury to determine, and regardless of any contention otherwise, the county court could, and did, properly sustain the motion for judgment on the pleadings.

■ As to the matters of defense raised in defendant's answer in the justice of the peace court, that the notice or demand for possession was insufficient and the time fixed therein for vacating the premises was unreasonably short, we may properly say they have no merit. Here the relationship of landlord and tenant did not exist. In the first instance, under the statute above quoted, the defendants here were tenants at sufferance, if not trespassers; in either event, they were not entitled to a notice to quit. *Runyan v. Snyder*, 45 Colo. 156, 100 Pac. 420; 32 Am. Jur. page 88, § 75.

It appears that the county court regularly proceeded in hearing and determining the matter in a summary way, as is specifically provided for in the appeal statutes. It was called to the attention of the court that the pleadings before the justice of the peace were, in effect, a confession of judgment, and regardless of whether the statute governing justices of the peace or the statutes concerning forcible entry and detainer provide for motions to dismiss, or strike, or judgments on the pleadings, does not make summary action by the court in such matters unavailable where it could not be disputed there was no issue created and the material facts admitted.

The judgment of the county court was proper and is affirmed.